## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL ENERGY REGULATORY COMMISSION 888 First Street, N.E. Washington, D.C. 20426, | ) ) ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) Misc. No. _____ |
| J.P. MORGAN VENTURES ENERGY CORPORATION 700 Louisiana Street Suite 1000 Houston, TX 77002, | ) ) ) ) ) ) |
| Respondent. | ) ) ) |

## EXHIBIT 5
## IN SUPPORT OF PETITION FOR ORDER TO SHOW CAUSE

**Communications between FERC Enforcement
Staff and JP Morgan about Redacted
Emails and about JP Morgan's Privilege Claims**

**July 2, 2012**

## Emails before April 2012 in which JP Morgan provides
## substantive responses to requests for information about privilege claims

## March 15, 2012 11:05 a.m.

| | |
|---|---|
| From: | Thomas Olson |
| Sent: | Thursday, March 15, 2012 11:05 AM |
| To: | Konieczny, Alexandra; Krupka, Catherine |
| Cc: | Thomas Olson; Vivian Chum; Donna Lovitt |
| Subject: | Privilege question: can you help us understand why this document is privileged?  Thank you. |

| | | |
|---|---|---|
| BEGNO | = | JPM-154467 |
| ENDNO | = | JPM-154467 |
| ATTACHMENT | = | JPM-148422 |
| DOCTYPE | = | Attachment |
| DOCTITLE | : | California_Independent_UNPROCESSED_DOCS-2011-05-29_02-09-29.csv |
| DOCDATE | = | 00/00/0000 |
| DOCTIME | = | |
| AUTHOR | : | |
| RECIP | : | |
| CC | : | |
| MD5HASH | = | D43F8764FB83FE2A67CF3B49515F370F |
| DOCLINK | : | |
| RESPNUM | = | June 29, 2011 Request |
| OCR1 | : | Redacted |
| | | |
| | | JPM-154467 |
| | | FOIA CONFIDENTIAL TREATMENT REQUESTED CONTAINS PRIVILEGED INFORMATION -
DO NOT RELEASE PURSUANT TO 5 U.S.C. § 552, 18 C.F.R. §§ 1b.9, 1b.20 AND 388.1112 |

Thomas P. Olson
Division of Investigations
Office of Enforcement
Federal Energy Regulatory Commission
888 First Street, N.E.
Washington, D.C. 20426
(202) 502-6278

## March 15, 2012 2:40 p.m.

**From:** Krupka, Catherine [mailto:Catherine.Krupka@sutherland.com]
**Sent:** Thursday, March 15, 2012 2:40 PM
**To:** Thomas Olson; Konieczny, Alexandra
**Cc:** Vivian Chum; Donna Lovitt
**Subject:** RE: Privilege question: can you help us understand why this document is privileged? Thank you.

Hi Tom:  this email is privileged because is relates to our instructions on responses to discovery.

Catherine Krupka
SUTHERLAND
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Email: catherine.krupka@sutherland.com
Phone: 202.383.0248
Cell:  202 494 2818

---

**From:** Thomas Olson [mailto:Thomas.Olson@ferc.gov]
**Sent:** Thursday, March 15, 2012 11:05 AM
**To:** Konieczny, Alexandra; Krupka, Catherine
**Cc:** Thomas Olson; Vivian Chum; Donna Lovitt
**Subject:** Privilege question: can you help us understand why this document is privileged? Thank you.

## March 15, 2012 3:05 p.m.

**From:** Thomas Olson [mailto:Thomas.Olson@ferc.gov]
**Sent:** Thursday, March 15, 2012 3:05 PM
**To:** Krupka, Catherine; Konieczny, Alexandra
**Cc:** Vivian Chum; Donna Lovitt
**Subject:** RE: Privilege question: can you help us understand why this document is privileged? Thank you.

Thanks Catherine. With many docs, the basis for a priv claim is obvious, but sometimes, as here, it's a bit mysterious.

**From:** Krupka, Catherine [mailto:Catherine.Krupka@sutherland.com]
**Sent:** Thursday, March 15, 2012 2:40 PM
**To:** Thomas Olson; Konieczny, Alexandra
**Cc:** Vivian Chum; Donna Lovitt
**Subject:** RE: Privilege question: can you help us understand why this document is privileged? Thank you.

## March 15, 2012 3:18 p.m.

| **From:** | Krupka, Catherine <Catherine.Krupka@sutherland.com> |
|---|---|
| **Sent:** | Thursday, March 15, 2012 3:18 PM |
| **To:** | Thomas Olson; Konieczny, Alexandra |
| **Cc:** | Vivian Chum; Donna Lovitt |
| **Subject:** | RE: Privilege question:  can you help us understand why this document is privileged? Thank you. |

Understand completely.

Catherine Krupka
SUTHERLAND
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Email: catherine.krupka@sutherland.com
Phone: 202.383.0248
Cell:  202 494 2818

**From:** Thomas Olson [mailto:Thomas.Olson@ferc.gov]
**Sent:** Thursday, March 15, 2012 3:05 PM
**To:** Krupka, Catherine; Konieczny, Alexandra
**Cc:** Vivian Chum; Donna Lovitt
**Subject:** RE: Privilege question: can you help us understand why this document is privileged? Thank you.

Thanks Catherine. With many docs, the basis for a priv claim is obvious, but sometimes, as here, it's a bit mysterious.

# Emails from April through June 2012
## About JP Morgan's Redactions and Privilege Claims

### April 2, 2012 4:25 p.m.

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Monday, April 02, 2012 4:25 PM |
| **To:** | Krupka, Catherine; Konieczny, Alexandra |
| **Cc:** | Vivian Chum; Donna Lovitt; Thomas Olson; Fleischer, Jason J; Raisler, Kenneth M. |
| **Subject:** | Request for productoin of unredacted versions of unprivileged emails (first of at least two requests) |

Catherine and Alex,

JP Morgan has redacted seven unprivileged emails exchanged between nonlawyers (Blythe Masters and Francis Dunleavy) on March 14, 2011. (See below.) Although this email chain started with communications with lawyers, and has a "Privileged" subject line (left over from earlier emails in the chain), these seven emails consist solely of a sidebar between Ms. Masters and Mr. Dunleavy, which neither included lawyers nor was ultimately forwarded to lawyers. As far as we can tell, these seven emails are not communications to counsel for purposes of obtaining legal advice and are therefore unprivileged.

Please produce unredacted versions of these seven emails by Wednesday, April 11. If you contend that a sidebar among nonlawyers that is not forwarded to counsel is privileged, I'd be grateful if you could provide me with any supporting case law of which you are aware.

Thank you.

Tom



Concordance Image - [JPM-172588]

File   Edit   View   Tools   Page   Redlines   Window   Help

FOIA CONFIDENTIAL TREATMENT REQUESTED CONTAINS PRIVILEGED INFORMATION -
DO NOT RELEASE PURSUANT TO 5 U.S.C. § 552, 18 C.F.R. §§ 1b.9, 1b.20 AND 388.1112

From:      Dunleavy, Francis <Francis.Dunleavy@jpmorgan.com>
Sent:      Monday, March 14, 2011 1:59 PM
To:        Masters, Blythe <blythe.masters@jpmorgan.com>
Subject:   RE: Privileged and Confidential - CAISO update

Redacted

-----Original Message-----
From: Masters, Blythe
Sent: Monday, March 14, 2011 12:54 PM
To: Dunleavy, Francis
Subject: Re: Privileged and Confidential - CAISO update

Redacted

----- Original Message -----
From: Dunleavy, Francis
To: Masters, Blythe
Sent: Mon Mar 14 13:50:17 2011
Subject: RE: Privileged and Confidential - CAISO update

Redacted

-----Original Message-----
From: Masters, Blythe
Sent: Monday, March 14, 2011 12:49 PM
To: Dunleavy, Francis
Subject: Re: Privileged and Confidential - CAISO update

Redacted

----- Original Message -----
From: Dunleavy, Francis
To: Masters, Blythe
Sent: Mon Mar 14 12:38:48 2011
Subject: Re: Privileged and Confidential - CAISO update

Redacted

----- Original Message -----
From: Masters, Blythe
To: Dunleavy, Francis
Sent: Mon Mar 14 12:36:10 2011
Subject: Re: Privileged and Confidential - CAISO update

Redacted

----- Original Message -----
From: Dunleavy, Francis
To: Masters, Blythe
Sent: Mon Mar 14 12:34:30 2011
Subject: Re: Privileged and Confidential - CAISO update

Redacted

2

**April 2, 2012 4:38 p.m.**

| | |
|---|---|
| From: | Thomas Olson |
| Sent: | Monday, April 02, 2012 4:38 PM |
| To: | Krupka, Catherine; Konieczny, Alexandra |
| Cc: | Vivian Chum; Donna Lovitt; Fleischer, Jason J; Raisler, Kenneth M.; Thomas Olson |
| Subject: | RE: Request for productoin of unredacted versions of unprivileged emails (second of two requests) |

Catherine and Alex,

Please provide unredacted copies of these sidebars between nonlawyers by April 11 as well, as discussed in the email below.

Thank you.

Tom

dance Image - [JPM-172605]

Edit   View   Tools   Page   Redlines   Window   Help

FOIA CONFIDENTIAL TREATMENT REQUESTED CONTAINS PRIVILEGED INFORMATIO
DO NOT RELEASE PURSUANT TO 5 U.S.C. § 552, 18 C.F.R. §§ 1b.9, 1b.20 AND 388.1

| | |
|---|---|
| From: | Dunleavy, Francis <Francis.Dunleavy@jpmorgan.com> |
| Sent: | Monday, March 14, 2011 12:35 PM |
| To: | Masters, Blythe <blythe.masters@jpmorgan.com> |
| Subject: | Re: Privileged and Confidential - CAISO update |

Redacted



From: Thomas Olson
Sent: Monday, April 02, 2012 4:25 PM
To: 'Krupka, Catherine'; 'Konieczny, Alexandra'
Cc: Vivian Chum; Donna Lovitt; Thomas Olson; 'Fleischer, Jason J'; 'Raisler, Kenneth M.'
Subject: Request for productoin of unredacted versions of unprivileged emails (first of at least two requests)

Catherine and Alex,

JP Morgan has redacted seven unprivileged emails exchanged between nonlawyers
(Blythe Masters and Francis Dunleavy) on March 14, 2011. (See below.) Although this
email chain started with communications with lawyers, and has a "Privileged" subject line

## April 2, 2012, 5:13 p.m.

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Monday, April 02, 2012 5:13 PM |
| **To:** | Krupka, Catherine; Konieczny, Alexandra |
| **Cc:** | Vivian Chum; Donna Lovitt; Fleischer, Jason J; Raisler, Kenneth M. |
| **Subject:** | UPDATE  Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests) |

Catherine and Alex,

Six more nonlawyer sidebar emails – same request as below.   (This email includes all three of our emails on this topic today.)

Thank you.

Tom





e Image - [JPM-172593]

View   Tools   Page   Redlines   Window   Help

FOIA CONFIDENTIAL TREATMENT REQUESTED CONTAINS PRIVILEGED INFORMATION -
DO NOT RELEASE PURSUANT TO 5 U.S.C. § 552, 18 C.F.R. §§ 1b.9, 1b.20 AND 388.1112

**From:**      Dunleavy, Francis <Francis.Dunleavy@jpmorgan.com>
**Sent:**      Monday, March 14, 2011 12:39 PM
**To:**        Masters, Blythe <blythe.masters@jpmorgan.com>
**Subject:**   Re: Privileged and Confidential - CAISO update

Redacted

----- Original Message -----

Image - [JPM-172627]

View   Tools   Page   Redlines   Window   Help

FOIA CONFIDENTIAL TREATMENT REQUESTED CONTAINS PRIVILEGED INFORMATION
DO NOT RELEASE PURSUANT TO 5 U.S.C. § 552, 18 C.F.R. §§ 1b.9, 1b.20 AND 388.111

**From:**      Posoli, Paul <Paul.Posoli@jpmorgan.com>
**Sent:**      Friday, March 11, 2011 4:24 PM
**To:**        Dunleavy, Francis <Francis.Dunleavy@jpmorgan.com>
**Subject:**   FW: Privileged and Confidential - CAISO update

Redacted

-----Original Message-----
From: Masters, Blythe
Sent: Friday, March 11, 2011 3:07 PM
To: Nakkab, Armand X; Dunleavy, Francis; Posoli, Paul
Cc: Greenleaf, Stephen T; Tramonte, Paul; 'Catherine.Krupka@sutherland.com'; Geneva, Diane M.
Subject: Re: Privileged and Confidential - CAISO update

Redacted

----- Original Message -----
From: Nakkab, Armand X
To: Masters, Blythe; Dunleavy, Francis; Posoli, Paul
Cc: Greenleaf, Stephen T; Tramonte, Paul; 'Catherine.Krupka@sutherland.com' <Catherine.Krupka@sutherland.com>; Geneva,
Diane M.
Sent: Fri Mar 11 16:04:51 2011
Subject: Privileged and Confidential - CAISO update

Redacted

2



FOIA CONFIDENTIAL TREATMENT REQUESTED CONTAINS PRIVILEGED INFORMATION -
DO NOT RELEASE PURSUANT TO 5 U.S.C. § 552, 18 C.F.R. §§ 1b.9, 1b.20 AND 388.1112

**From:** Dunleavy, Francis <Francis.Dunleavy@jpmorgan.com>
**Sent:** Friday, March 11, 2011 8:16 PM
**To:** Greenleaf, Stephen T <stephen.t.greenleaf@jpmorgan.com>
**Subject:** Re: Privileged and Confidential - CAISO update

Redacted

----- Original Message -----
From: Greenleaf, Stephen T
To: Dunleavy, Francis
Sent: Fri Mar 11 17:16:42 2011
Subject: RE: Privileged and Confidential - CAISO update

Redacted

-----Original Message-----
From: Dunleavy, Francis
Sent: Friday, March 11, 2011 2:15 PM
To: Masters, Blythe; Nakkab, Armand X; Posoli, Paul
Cc: Greenleaf, Stephen T; Tramonte, Paul; 'Catherine.Krupka@sutherland.com'; Genova, Diane M.
Subject: Re: Privileged and Confidential - CAISO update

Redacted

----- Original Message -----
From: Masters, Blythe
To: Nakkab, Armand X; Dunleavy, Francis; Posoli, Paul
Cc: Greenleaf, Stephen T; Tramonte, Paul; 'Catherine.Krupka@sutherland.com' <Catherine.Krupka@sutherland.com>; Genova, Diane M.
Sent: Fri Mar 11 16:06:30 2011
Subject: Re: Privileged and Confidential - CAISO update



**From:** Thomas Olson
**Sent:** Monday, April 02, 2012 4:38 PM
**To:** 'Krupka, Catherine'; 'Konieczny, Alexandra'
**Cc:** Vivian Chum; Donna Lovitt; 'Fleischer, Jason J'; 'Raisler, Kenneth M.'; Thomas Olson
**Subject:** RE: Request for productoin of unredacted versions of unprivileged emails (second of two requests)

## April 11, 2012 5:34 p.m.

| From: | Krupka, Catherine <Catherine.Krupka@sutherland.com> |
|---|---|
| Sent: | Wednesday, April 11, 2012 5:34 PM |
| To: | Thomas Olson; Konieczny, Alexandra |
| Cc: | Vivian Chum; Donna Lovitt; Fleischer, Jason J; Raisler, Kenneth M.; Scherman, William S |
| Subject: | RE: UPDATE  Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests) |

Dear Tom:

Counsel for JP Morgan have reviewed the redacted emails you reference below.   The content is privileged, so the emails are appropriately redacted.  Thanks.

Catherine Krupka
SUTHERLAND
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Email: catherine.krupka@sutherland.com
Phone: 202.383.0248
Cell: 202.494.2818

**From:** Thomas Olson [mailto:Thomas.Olson@ferc.gov]
**Sent:** Monday, April 02, 2012 5:13 PM
**To:** Krupka, Catherine; Konieczny, Alexandra
**Cc:** Vivian Chum; Donna Lovitt; Fleischer, Jason J; Raisler, Kenneth M.
**Subject:** UPDATE: Request for productoin of unredacted versions of unprivileged emails (THIRD of THREE requests)

## April 11, 2012 6:23 p.m.

| From: | Thomas Olson |
|---|---|
| Sent: | Wednesday, April 11, 2012 6:23 PM |
| To: | Krupka, Catherine; Konieczny, Alexandra |
| Cc: | Vivian Chum; Donna Lovitt; Fleischer, Jason J; Raisler, Kenneth M.; Scherman, William S; Thomas Olson |
| Subject: | RE: UPDATE  Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests) |

Catherine,

Thanks for your email.

If you see my email below, I asked for any legal authority for the proposition that sidebars among nonlawyers after a communication with a lawyer are privileged.   Please advise me by tomorrow whether you are aware of any such authority, and if so, please provide citations.  If not, please produce the emails.

Thank you.

Tom

**From:** Krupka, Catherine [mailto:Catherine.Krupka@sutherland.com]
**Sent:** Wednesday, April 11, 2012 5:34 PM
**To:** Thomas Olson; Konieczny, Alexandra
**Cc:** Vivian Chum; Donna Lovitt; Fleischer, Jason J; Raisler, Kenneth M.; Scherman, William S
**Subject:** RE: UPDATE  Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests)

**April 12, 2012 5:30 p.m.**

| | |
|---|---|
| **From:** | Krupka, Catherine <Catherine.Krupka@sutherland.com> |
| **Sent:** | Thursday, April 12, 2012 5:30 PM |
| **To:** | Thomas Olson; Konieczny, Alexandra |
| **Cc:** | Vivian Chum; Donna Lovitt; Jason.Fleischer@skadden.com; raislerk@sullcrom.com; William.Scherman@skadden.com |
| **Subject:** | Re: UPDATE:  Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests) |

Dear Tom

We believe that the redacted portions of the emails you have requested are protected by the attorney-client privilege and therefore will not be producing them. Should Enforcement elect to allege that JPMorgan has not complied with the law regarding privilege, we will address those arguments at the appropriate time and in the proper forum.

Thanks

---

**From:** Thomas Olson [mailto:Thomas.Olson@ferc.gov]
**Sent:** Wednesday, April 11, 2012 06:22 PM
**To:** Krupka, Catherine; Konieczny, Alexandra
**Cc:** Vivian Chum <Vivian.Chum@ferc.gov>; Donna Lovitt <Donna.Lovitt@ferc.gov>; Fleischer, Jason J <Jason.Fleischer@skadden.com>; Raisler, Kenneth M. <Raislerk@sullcrom.com>; Scherman, William S <William.Scherman@skadden.com>; Thomas Olson <Thomas.Olson@ferc.gov>
**Subject:** RE: UPDATE: Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests)

**April 12, 2012 5:52 p.m.**

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Thursday, April 12, 2012 5:52 PM |
| **To:** | Krupka, Catherine; Konieczny, Alexandra |
| **Cc:** | Vivian Chum; Donna Lovitt; Jason.Fleischer@skadden.com; raislerk@sullcrom.com; William.Scherman@skadden.com; Thomas Olson |
| **Subject:** | RE: UPDATE:  Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests) |

Catherine,

Thank you for your note.

I have now given JP Morgan two opportunities to explain why communications between two non-lawyers, which are not then shared with counsel, are protected by the attorney-client privilege.  You have declined both opportunities, and also refused to produce the emails in question.

Given this posture, we will need to serve a subpoena to obtain these communications.  Please let me know by noon tomorrow whether JP Morgan will accept informal service of a subpoena (by email and US Mail to you), or whether we will need to arrange for formal service on the company.

Thank you.

Tom Olson

---

**From:** Krupka, Catherine [mailto:Catherine.Krupka@sutherland.com]
**Sent:** Thursday, April 12, 2012 5:30 PM
**To:** Thomas Olson; Konieczny, Alexandra
**Cc:** Vivian Chum; Donna Lovitt; Jason.Fleischer@skadden.com; raislerk@sullcrom.com; William.Scherman@skadden.com
**Subject:** Re: UPDATE: Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests)

## April 13, 2012 10:19 a.m.

| | |
|---|---|
| **From:** | Krupka, Catherine <Catherine.Krupka@sutherland.com> |
| **Sent:** | Friday, April 13, 2012 10:19 AM |
| **To:** | Thomas Olson; Konieczny, Alexandra |
| **Cc:** | Vivian Chum; Donna Lovitt; Jason.Fleischer@skadden.com; raislerk@sullcrom.com; William.Scherman@skadden.com |
| **Subject:** | Re: UPDATE:  Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests) |

Hi Tom, we will accept the subpoena.

**From:** Thomas Olson [mailto:Thomas.Olson@ferc.gov]
**Sent:** Thursday, April 12, 2012 05:52 PM
**To:** Krupka, Catherine; Konieczny, Alexandra
**Cc:** Vivian Chum <Vivian.Chum@ferc.gov>; Donna Lovitt <Donna.Lovitt@ferc.gov>; Jason.Fleischer@skadden.com <Jason.Fleischer@skadden.com>; raislerk@sullcrom.com <raislerk@sullcrom.com>; William.Scherman@skadden.com <William.Scherman@skadden.com>; Thomas Olson <Thomas.Olson@ferc.gov>
**Subject:** RE: UPDATE: Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests)

## April 13, 2012 10:24 a.m.

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Friday, April 13, 2012 10:24 AM |
| **To:** | Krupka, Catherine; Konieczny, Alexandra |
| **Cc:** | Vivian Chum; Donna Lovitt; Jason.Fleischer@skadden.com; raislerk@sullcrom.com; William.Scherman@skadden.com; Thomas Olson |
| **Subject:** | RE: UPDATE:  Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests) |

Thanks Catherine.  I will have a few additional redactions to ask you about shortly.

**From:** Krupka, Catherine [mailto:Catherine.Krupka@sutherland.com]
**Sent:** Friday, April 13, 2012 10:19 AM
**To:** Thomas Olson; Konieczny, Alexandra
**Cc:** Vivian Chum; Donna Lovitt; Jason.Fleischer@skadden.com; raislerk@sullcrom.com; William.Scherman@skadden.com
**Subject:** Re: UPDATE: Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests)

## April 13, 2012 10:41 a.m.

| | |
|---|---|
| **From:** | Krupka, Catherine <Catherine.Krupka@sutherland.com> |
| **Sent:** | Friday, April 13, 2012 10:41 AM |
| **To:** | Thomas Olson; Konieczny, Alexandra |
| **Cc:** | Vivian Chum; Donna Lovitt; Jason.Fleischer@skadden.com; raislerk@sullcrom.com; William.Scherman@skadden.com |
| **Subject:** | Re: UPDATE:  Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests) |

Sure thing Tom.

**April 13, 2012 2:53 p.m.**

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Friday, April 13, 2012 2:53 PM |
| **To:** | Krupka, Catherine |
| **Cc:** | Konieczny, Alexandra; William.Scherman@skadden.com; Jason.Fleischer@skadden.com; raislerk@sullcrom.com; Konieczny, Alexandra; Donna Lovitt; Vivian Chum; Thomas Olson |
| **Subject:** | Seeking unredacted versions of additional JP Morgan documents |
| **Attachments:** | 2012 04 13   Request for unredacted versions of additional JP Morgan documents.pdf |

Catherine,

As I indicated earlier today, we've identified several other redactions of what appear to be unprivileged material in documents produced by JP Morgan.  The relevant documents are reproduced, including their Bates numbers for your convenience, in the attached PDF.

There are three categories of what appear to be incorrectly redacted documents:

    1.  Communications solely between non-attorneys,

    2.  Communications between non-attorneys with one or more attorneys added only as cc's, and

    3.  The final version of a document orally presented to a third party (the MISO MMU) on November 5, 2010 to respond to the MMU's questions.

As to each document in the attached PDF:

- Please produce unredacted versions by next Wednesday, April 18.  [Note:  in some cases an earlier portion of an email chain -- not shown here -- is also redacted.  At this time, we seek production only of the redacted passages shown in the attached PDF.]

- If you contend that the redacted portions of any of these documents are privileged, please (by noon on Tuesday, April 17) explain why (as to each document) and provide any legal authority of which you are aware supporting your position.

- Please confirm that, if you decline to produce unredacted versions of any of these documents, JP Morgan agrees to accept informal service of a subpoena (as you have already agreed with respect to the documents I sent you on April 2).

If this timing will present difficulties for you, please let me know.

Thank you.

Tom Olson

[Contents of staff's attachment to the above email are some of the JP Morgan emails appearing in Exhibits 1, 2, 3, 4, and 6.]

**April 17, 2012 11:51 a.m.**

| | |
|---|---|
| **From:** | Krupka, Catherine <Catherine.Krupka@sutherland.com> |
| **Sent:** | Tuesday, April 17, 2012 11:51 AM |
| **To:** | Thomas Olson |
| **Cc:** | Konieczny, Alexandra; William.Scherman@skadden.com; Jason.Fleischer@skadden.com; raislerk@sullcrom.com; Konieczny, Alexandra; Donna Lovitt; Vivian Chum |
| **Subject:** | RE: Seeking unredacted versions of additional JP Morgan documents |

Dear Tom

We believe the redacted portions of the documents you have requested are protected by the attorney-client privilege and therefore will not be producing them.  Should Enforcement elect to allege that JPMorgan has not complied with the law regarding privilege, we will address those arguments at the appropriate time and in the proper forum.   We will accept informal service of a subpoena related to these documents.

With regards to item 3, if we identify a non-privileged version of the document you reference, we will produce it.

Catherine Krupka
SUTHERLAND
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Email: catherine.krupka@sutherland.com
Phone: 202.383.0248
Cell:  202 494 2818

---

**From:** Thomas Olson [mailto:Thomas.Olson@ferc.gov]
**Sent:** Friday, April 13, 2012 2:53 PM
**To:** Krupka, Catherine
**Cc:** Konieczny, Alexandra; William.Scherman@skadden.com; Jason.Fleischer@skadden.com; raislerk@sullcrom.com; Konieczny, Alexandra; Donna Lovitt; Vivian Chum; Thomas Olson
**Subject:** Seeking unredacted versions of additional JP Morgan documents

Catherine,

As I indicated earlier today, we've identified several other redactions of what appear to be unprivileged material in documents produced by JP Morgan.   The relevant documents are

**April 18, 2012 10:18 a.m.**

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Wednesday, April 18, 2012 10:18 AM |
| **To:** | Krupka, Catherine |
| **Cc:** | Konieczny, Alexandra; Jason.Fleischer@skadden.com; William.Scherman@skadden.com; raislerk@sullcrom.com; Vivian Chum; Donna Lovitt; Thomas Olson |
| **Subject:** | Subpoena to JP Morgan -- CONFIDENTIAL AND NONPUBLIC |
| **Attachments:** | 2012 04 18 - Subpoena Attachments.pdf; 2012 04 18 Subpoena for Production of Unredacted Documents.pdf |

Catherine,

Per our recent email correspondence, I am attaching a subpoena directed to JP Morgan.  I appreciate your client's agreement to accept informal service of the subpoena.  I am also sending you a signed-in-ink copy by US Mail.

Please feel free to call me with any questions.

Thank you.

Tom Olson

Thomas P. Olson
Division of Investigations
Office of Enforcement
Federal Energy Regulatory Commission
888 First Street, N.E.
Washington, D.C. 20426
(202) 502-6278

[The contents of staff's attachment to the above email are the April 18, 2012 subpoena and attachments to the subpoena appearing in Exhibit 6.]

## April 18, 2012 10:23 a.m.

| | |
|---|---|
| **From:** | Krupka, Catherine <Catherine.Krupka@sutherland.com> |
| **Sent:** | Wednesday, April 18, 2012 10:23 AM |
| **To:** | Thomas Olson |
| **Cc:** | Konieczny, Alexandra; Jason.Fleischer@skadden.com; William.Scherman@skadden.com; raislerk@sullcrom.com; Vivian Chum; Donna Lovitt |
| **Subject:** | RE: Subpoena to JP Morgan -- CONFIDENTIAL AND NONPUBLIC |

Thank you.

Catherine Krupka
SUTHERLAND
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Email: catherine.krupka@sutherland.com
Phone: 202.383.0248
Cell:  202 494 2818

---

**From:** Thomas Olson [mailto:Thomas.Olson@ferc.gov]
**Sent:** Wednesday, April 18, 2012 10:18 AM
**To:** Krupka, Catherine
**Cc:** Konieczny, Alexandra; Jason.Fleischer@skadden.com; William.Scherman@skadden.com; raislerk@sullcrom.com;
Vivian Chum; Donna Lovitt; Thomas Olson
**Subject:** Subpoena to JP Morgan -- CONFIDENTIAL AND NONPUBLIC

## April 26, 2012 11:47 a.m.

| | |
|---|---|
| **From:** | Scherman, William S <William.Scherman@skadden.com> |
| **Sent:** | Thursday, April 26, 2012 11:47 AM |
| **To:** | Thomas Olson; Vivian Chum; Donna Lovitt |
| **Cc:** | 'Krupka, Catherine'; Fleischer, Jason J |
| **Subject:** | Response to April 18, 2012 Subpoena-- NON PUBLIC COMMUNICATION |
| **Attachments:** | Response to April 18 Subpoena (Non-Public).PDF |

**Tom,**

**Please see the letter and attachments.**

**Thanks**

**Bill**

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C.  20005-2111

(202) 371-7000

http://www.skadden.com

April 26, 2012

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
NEWARK
PALO ALTO
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

## VIA EMAIL

Mr. Tom Olson
Federal Energy Regulatory Commission
888 First Street, N.E.
Washington, DC 20426

Re:       *In re Make-Whole Payments and Related Bidding Practices*,
          Docket No. IN11-8-000

Dear Mr. Olson:

JP Morgan Ventures Energy Corporation ("JPMVEC") is in receipt of and has reviewed the Subpoena *Duces Tecum* issued by the Office of Enforcement on April 18, 2012 (the "Subpoena"). The Subpoena seeks production of 16 documents in two requests ("Request 1" and "Request 2," respectively) listed in Attachment B of the Subpoena.

Each of the documents sought by Enforcement Staff is either in part or in whole protected by the attorney-client privilege. Request 1 seeks unredacted versions of fifteen emails or email chains (or portions thereof) which were previously produced to Enforcement Staff with the privileged portions redacted. Request 2 seeks an unredacted version of an email which was previously produced to Enforcement Staff with the privileged portions redacted and "[a]n unredacted copy of the final version of the document attached to [that] email."

JPMVEC objects to Request 1 and part of Request 2 as compliance would violate the attorney-client privilege. As counsel for JPMVEC previously notified you, the redacted portions of the sixteen emails or email chains sought by Request 1 and Request 2 are subject to the attorney-client privilege as described further below.[1]  With respect to the non-objectionable

---

[1]   A *Vaughn* index identifying the documents sought by Requests 1 and 2 is appended hereto as Attachment A. *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973). Items 1-15 of the *Vaughn* index correspond to the documents sought by Request 1 in the order in which they appear in Request 1. Item 16 of the *Vaughn* index corresponds to the document sought by Request 2.

Mr. Tom Olson
April 26, 2012
Page 2

portion of Request 2, as counsel for JPMVEC has also previously notified you, if JPMVEC identifies a non-privileged version of the document attached to the referenced email, we will produce it.[2]

With respect to Items 1-7 and 9-15, the redacted portions of each email and email chain are communications among employees and counsel of JPMVEC and its subsidiaries and affiliates who have certain responsibility for the subject matter of the investigations by the Commission, the Midwest ISO and/or the California ISO. The redacted portions of each email and email chain are communications relaying or conveying the legal advice of counsel, requesting the legal advice of counsel, discussing the legal advice of counsel and/or providing information to counsel necessary for the provision of legal advice relating to the investigations by the Commission, the Midwest ISO and/or the California ISO. The redacted portions of each email between non-lawyer employees of JPMVEC and its subsidiaries that do not copy counsel are communications relaying or conveying the legal advice of counsel, discussing the legal advice of counsel, and/or are requesting the legal advice of counsel. The redacted portions of each email and email chain were intended to be and remain confidential. The redacted portions of Items 1-7 and 9-15 are therefore subject to and protected by the attorney-client privilege.

With respect to Item 8, the redacted portion of the email is a communication between employees of JPMVEC and its subsidiaries and affiliates who have certain responsibility for the subject matter of the investigations by the Commission and the California ISO. The redacted portion of the email is a communication discussing the legal advice of counsel relating to the investigations by the Commission and the California ISO. The redacted portion of the email was intended to be and remains confidential. The redacted portion of Item 8 is therefore subject to and protected by the attorney-client privilege.

With respect to Item 16, the redacted portion of the email and its attachment are communications between employees of JPMVEC and its subsidiaries and affiliates who have certain responsibility for the subject matter of the investigation by the Midwest ISO. The redacted portion of the email and its attachment are communications discussing and reflecting the advice of counsel relating to the investigation by the Midwest ISO. The redacted portion of the email and the attachment were intended to be and remain confidential. The redacted portion of Item 16 is therefore subject to and protected by the attorney-client privilege. If a non-privileged version of the attachment to Item 16 is identified, JPMVEC will produce it.

Ordinarily we would not respond further, but we believe confusion over Enforcement Staff's request for "legal authority" as to why "sidebars among nonlawyers after a communication with a lawyer are privileged" has stymied both sides attempts to resolve this

---

See Email from Catherine Krupka to Thomas Olson and Alexandra Konieczny dated April 11, 2012 appended hereto as Attachment B and Email from Catherine Krupka to Thomas Olson dated April 17, 2012 appended hereto as [Attachment C].

[2]   See Attachment C.

Mr. Tom Olson
April 26, 2012
Page 3

impasse.[3] At first, we believed that Enforcement Staff's use of "sidebars" mischaracterized the nature of the communications—as discussed above. The communications were not, as Enforcement Staff implies, discussions among non-lawyers, *of non-privileged material*, on the same email chain as privileged communications with attorneys.[4] Thus, our previous answers on this point were meant to reassure Enforcement Staff that the communications in Items 1-16 were in fact discussions of privileged material to which the attorney-client privilege applied, and that the documents were not discoverable.

It is also possible that Enforcement Staff's use of the word "sidebars" and its request for "any legal authority" represents Enforcement Staff's apparent position that all communications between non-lawyers that are not then forwarded to counsel, regardless of the content of the communication and the positions of the participants, are not subject to the attorney-client privilege. We believe that such a position would be mistaken and stands in direct contradiction to a significant body of well-established law. It is well-settled that the attorney-client privilege applies to communications containing privileged materials between the employees of a corporation, its affiliates and its subsidiaries tasked with responsibility for the subject matter on which the legal assistance is sought. We hope the following discussion will be helpful to avoid similar issues in the future.

It is well settled that corporations are entitled to the protections of the attorney-client privilege. *See Upjohn Co. v. United States,* 449 U.S. 383, 389-90 (1981) ("[C]omplications in the application of the privilege arise when the client is a corporation, which in theory is an artificial creature of the law, and not an individual; but this Court has assumed that the privilege applies when the client is a corporation."). But, "[a]s an inanimate entity, a corporation must act through agents. A corporation cannot speak directly to its lawyers." *CFTC v. Weintraub,* 471 U.S. 343, 348 (1985). Therefore, privileged communications "must necessarily be undertaken by individuals empowered to act on behalf of the corporation." *Id.*

"[T]he [attorney-client] privilege protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation. . . . This follows from the recognition that since the decision-making power of the corporate client may be diffused among several employees, the dissemination of confidential communications to such persons does not defeat the privilege." *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.,* 160 F.R.D. 437, 442 (S.D.N.Y. 1995). "When the client is by nature a group, as is true of both the government and corporations, the courts have agreed that the [attorney-client] privilege should not be defeated by some limited circulation beyond the attorney and the person within the group who requested the advice." *Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d 854,

---

[3]   *See* Email from Thomas Olson to Catherine Krupka and Alexandra Konieczny dated April 11, 2012 appended hereto as Attachment D. *See also* Email from Thomas Olson to Catherine Krupka and Alexandra Konieczny dated April 12, 2012 appended hereto as Attachment E.

[4]   Email from Thomas Olson to Catherine Krupka and Alexandra Konieczny dated April 2, 2012 appended hereto as Attachment F.

Mr. Tom Olson
April 26, 2012
Page 4

863 (D.C. Cir. 1980); *see also Evans v. Atwood*, 177 F.R.D. 1, 6 (D.D.C. 1997) ("[C]irculating truly confidential information among concerned officials does not defeat the [attorney-client] privilege since all the recipients shared the attorney-client privilege with each other."); *SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508, 518 (D. Conn. 1976) ("A privileged communication should not lose its protection if an executive relays legal advice to another who shares responsibility for the subject matter underlying the consultation. It would be an unnecessary restriction of the [attorney-client] privilege to consider it lost when top management personnel discuss legal advice." (citations omitted)); *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 477 (E.D. Pa. 2005) ("In the case of a corporate client, privileged communications may be shared by non-attorney employees in order to relay information requested by attorneys. Moreover, 'documents subject to the privilege may be transmitted between non-attorneys . . . so that the corporation may be properly informed of legal advice and act appropriately.'" (citations omitted)); *see e.g., Edna Selan Epstein, The Attorney-Client Privilege and the Work-Product Doctrine* 86 (5th ed. vol. I, ABA 2007) ("It goes without saying that management-level employees within a complex organization must be permitted to discuss legal advice sought and given without thereby losing the [attorney-client] privilege."). The so-called "sidebar" emails in Items 1-16 are communications between non-lawyer corporate employees who have certain responsibility for the subject matter of these investigations. Such discussions are necessary— and properly protected by the attorney-client privilege.

As always, should you have any questions, please do not hesitate to contact us.

Sincerely,

William S. Scherman
Jason J. Fleischer
Skadden, Arps, Slate, Meagher
& Flom LLP
1440 New York Ave., N.W.
Washington, DC 20005-2111
(202) 371-7060

Catherine M. Krupka
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., N.W.
Washington, DC 20004-2415
(202) 383-0248

*Counsel for JP Morgan Chase & Co.*

# Attachment A to April 26, 2012 JP Morgan Letter

4/26/2012

NON-PUBLIC - PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9, 1b.20 DO NOT RELEASE

*In re* Make-Whole Payments and Related Bidding Practices, Docket No. IN11-08

RESPONSE TO FERC LITIGATION STAFF APRIL 18, 2012 SUBPOENA

VAUGHN INDEX

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | November 5, 2010 | JPM-203299 | Email Chain | Paul Tramonte | Robert O'Connell | | Diane Genova*; Gregory Johnson*; Armand Nakkab; Chloe Cromarty | Email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel for the provision of legal advice regarding Midwest ISO investigation. [See also Item Nos. 2, 3, 4, 5] | Attorney-Client Communications |
| 2 | November 5, 2010 | JPM-202991 | Email Chain | Robert O'Connell | Paul Tramonte | | Diane Genova*; Gregory Johnson*; Armand Nakkab; Chloe Cromarty | Email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel for the provision of legal advice regarding Midwest ISO investigation. [See Item Nos. 1, 3, 4, 5] | Attorney-Client Communications |
| 3 | November 5, 2010 | JPM-202471 | Email forwarding Email Chain | Armand Nakkab | Armand Nakkab | | Diane Genova*; Gregory Johnson*; Paul Tramonte; Robert O'Connell; Chloe Cromarty | Email forwarding email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel for the provision of legal advice regarding Midwest ISO investigation. [See also Item Nos. 1, 2, 4, 5] | Attorney-Client Communications |
| 4 | November 5, 2010 | JPM-201572 | Email Chain | Armand Nakkab | Blythe Masters, Francis Dunleavy | Diane Genova*; Gregory Johnson*; Paul Tramonte | | Email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel for the provision of legal advice regarding Midwest ISO investigation. [See also Item Nos. 1, 2, 3, 5] | Attorney-Client Communications |
| 5 | November 5, 2010 | JPM-202463 | Email forwarding Email Chain | Blythe Masters | Paul Posoli | | Diane Genova*; Gregory Johnson*; Paul Tramonte; Robert O'Connell; Chloe Cromarty; Armand Nakkab | Email forwarding email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel for the provision of legal advice regarding Midwest ISO investigation. [See also Item Nos. 1, 2, 3, 4] | Attorney-Client Communications |
| 6 | May 7, 2011 | JPM-173346 - JPM-173347 | Email Chain | Blythe Masters | Armand Nakkab; Francis Dunleavy; Paul Tramonte | Diane Genova*; Gregory Johnson*; Stephen Greenleaf; Chloe Cromarty | | Email chain between Compliance, Business and Counsel requesting and discussing legal advice and providing information to Counsel for the provision of legal advice regarding FERC and California ISO investigations. [See also Item No. 7] | Attorney-Client Communications |
| 7 | May 7, 2011 | JPM-173348 - JPM-173349 | Email | Armand Nakkab | Blythe Masters, Francis Dunleavy; Paul Tramonte | Diane Genova*; Gregory Johnson*; Stephen Greenleaf; Chloe Cromarty | | Email between Compliance, Business and Counsel requesting legal advice and providing information to Counsel for the provision of legal advice regarding FERC and California ISO investigations. [See also Item No. 6] | Attorney-Client Communications |
| 8 | May 10, 2011 | JPM-180469 | Email | Paul Tramonte | Armand Nakkab | | | Email discussing legal advice provided by Counsel FERC and California ISO investigations. | Attorney-Client Communications |
| 9 | May 11, 2011 | JPM-173860 - JPM-173863 | Email Chain | Armand Nakkab | Paul Tramonte | | Catherine Krupka*; Chloe Cromarty; Stephen Greenleaf | Email chain between Business, Compliance and Outside Counsel discussing legal advice and providing information to Outside Counsel for the provision of legal advice regarding FERC, California ISO and Midwest ISO investigations. | Attorney-Client Communications |

* Indicates Counsel for JP Morgan and Outside Counsel

Page 1 of 2

4/26/2012

NON-PUBLIC - PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9, 1b.20
DO NOT RELEASE

| Item No. | Document Date | Bate-No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 10 | March 11, 2011 - March 14, 2011 | JPM4-172568 - JPM172563 | Email Chain | Francis Dunleavy | Blythe Masters | | Paul Posoli; Armand Nakkab; Diane Genova*; Rob Cauthen; Paul Tramonte; Stephen Greenleaf; Paul Posoli; Catherine Krupka* | Email chain between Business, Compliance, Counsel and Outside Counsel relaying and discussing legal advice and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding California ISO and Midwest ISO investigations | Attorney-Client Communications |
| 11 | May 16, 2011 - May 18, 2011 | JPM4-173315 - JPM4-173316 | Email Chain | Armand Nakkab | Paul Posoli; Francis Dunleavy; Blythe Masters | Diane Genova*; Anne de Marothy; Marisa Pritchard; Patricia Basci | | Email chain between Business, Compliance and Counsel discussing legal advice and providing information to Outside Counsel for the provision of legal advice regarding FERC investigation | Attorney-Client Communications |
| 12 | May 19, 2011 | JPM4-172647 - JPM4-172648 | Email Chain | Paul Posoli | Francis Dunleavy | Diane Genova*; Gregory Johnson*; Paul Tramonte; Chloe Cromarty; Armand Nakkab | Blythe Masters; Armand Nakkab; Diane Genova*; Gregory Johnson* | Email chain between Business, Compliance and Counsel discussing legal advice and providing information to Outside Counsel for the provision of legal advice regarding FERC investigation | Attorney-Client Communications |
| 13 | June 23, 2011 | JPM4-173472 | Email Chain | Blythe Masters | Stephen Greenleaf; Francis Dunleavy; Paul Posoli; Rob Cauthen; Andrew Sunderman | Diane Genova*; Gregory Johnson*; Paul Tramonte; Chloe Cromarty; Armand Nakkab | | Email between Business, Compliance and Counsel discussing legal advice from Outside Counsel regarding FERC investigation | Attorney-Client Communications |
| 14 | July 5, 2011 - July 6, 2011 | JPM4-173207 - JPM4-173208 | Email Chain | Blythe Masters | Andrew Sunderman; Armand Nakkab | Diane Genova*; Francis Dunleavy; Paul Posoli | | Email chain between Business, Compliance and Counsel relaying and discussing legal advice from Outside Counsel regarding FERC investigation | Attorney-Client Communications |
| 15 | July 15, 2011 | JPM4-189162 | Email Chain | Francis Dunleavy | Jeff Winkler | | Armand Nakkab; Blythe Masters; Paul Posoli; Paul Tramonte; Rob Cauthen; Catherine Krupka*; Kenneth Raisler*; Diane Genova*; Gregory Johnson* | Email chain between Business, Compliance, Counsel and Outside Counsel requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding FERC investigation | Attorney-Client Communications |
| 16 | November 5, 2010 | JPM4-202994 - JPM4-202995 | Email | Robert O'Connell | Paul Tramonte | | | Email and attachment reflecting advice of Counsel regarding Midwest ISO investigation | Attorney-Client Communications |

* Indicates Counsel for JP Morgan and Outside Counsel

[Contents of JP Morgan's attachments B-F are communications between staff and JP Morgan's counsel that appear elsewhere in Exhibit 5.]

## April 26, 2012 11:51 a.m.

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Thursday, April 26, 2012 11:51 AM |
| **To:** | Scherman, William S; Vivian Chum; Donna Lovitt |
| **Cc:** | 'Krupka, Catherine'; Fleischer, Jason J |
| **Subject:** | RE: Response to April 18, 2012 Subpoena-- NON PUBLIC COMMUNICATION |

Thank you.

---

**From:** Scherman, William S [mailto:William.Scherman@skadden.com]
**Sent:** Thursday, April 26, 2012 11:47 AM
**To:** Thomas Olson; Vivian Chum; Donna Lovitt
**Cc:** 'Krupka, Catherine'; Fleischer, Jason J
**Subject:** Response to April 18, 2012 Subpoena-- NON PUBLIC COMMUNICATION

## April 27, 2012 12:27 p.m.

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Friday, April 27, 2012 12:27 PM |
| **To:** | William.Scherman@skadden.com |
| **Cc:** | Fleischer, Jason J; Krupka, Catherine; Konieczny, Alexandra; raislerk@sullcrom.com; Vivian Chum; Thomas Olson; Donna Lovitt |
| **Subject:** | Subpoena for production of unredacted copies of certain JP Morgan documents -- next steps |
| **Attachments:** | 2012 04 27 Attachment C to April 18 2018 subpoena.pdf |

Dear Mr. Scherman,

I have your letter of yesterday concerning JP Morgan's claims of privilege in communications between nonlawyers.

As you know, resolution of privilege claims presents a challenge: the party seeking documents claimed to be privileged cannot see the documents to evaluate the privilege claim. For that reason, it is standard practice, particularly when non-core privilege claims are asserted (such as claims about communications among non-attorneys), for disputed privilege claims to be resolved through *in camera* review by a judge. It appears that that procedure will be required here.

In this investigation, we have, on a number of occasions, sought explanations from JP Morgan about why communications among non-lawyers had been redacted as privileged. Until early April, we received prompt, substantive responses to those questions; indeed, JP Morgan's counsel told us in March that they "underst[ood] completely" why we asked these questions.

**RE: Privilege question:  can you help us understand why this document is privileged?  Thank you.**

Krupka, Catherine [Catherine.Krupka@sutherland.com]

To:   Thomas Olson; Konieczny, Alexandra
Cc:   Vivian Chum; Donna Lovitt

Understand completely.

Catherine Krupka
SUTHERLAND
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Email: catherine.krupka@sutherland.com
Phone: 202.383.0248
Cell: 202 494 2818

**From:** Thomas Olson [mailto:Thomas.Olson@ferc.gov]
**Sent:** Thursday, March 15, 2012 3:05 PM
**To:** Krupka, Catherine; Konieczny, Alexandra
**Cc:** Vivian Chum; Donna Lovitt
**Subject:** RE: Privilege question: can you help us understand why this document is privileged?
Thank you.

Thanks Catherine.  With many docs, the basis for a priv claim is obvious, but sometimes, as here, it's a bit mysterious.

**From:** Krupka, Catherine [mailto:Catherine.Krupka@sutherland.com]
**Sent:** Thursday, March 15, 2012 2:40 PM
**To:** Thomas Olson; Konieczny, Alexandra
**Cc:** Vivian Chum; Donna Lovitt
**Subject:** RE: Privilege question: can you help us understand why this document is privileged?
Thank you.

Hi Tom:  this email is privileged because is relates to our instructions on responses to discovery.

Catherine Krupka
SUTHERLAND
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Email: catherine.krupka@sutherland.com
Phone: 202.383.0248
Cell: 202 494 2818

When we sought an explanation for the redaction of the communications between nonlawyers that are the subject of your letter, however, we were stonewalled.  First, on April 11, 2012, nine days after we asked why certain documents had been redacted, JP Morgan simply reiterated the bald assertion that the documents were privileged, with no explanation whatsoever.

2

| From: | Krupka, Catherine [Catherine.Krupka@sutherland.com] |
|---|---|
| Sent: | Tuesday, April 17, 2012 11:51 AM |
| To: | Thomas Olson |
| Cc: | Konieczny, Alexandra; Scherman, William S (WAS); Fleischer, Jason J (WAS); raislerk@sullcrom.com; Konieczny, Alexandra; Donna Lovitt; Vivian Chum |
| Subject: | RE: Seeking unredacted versions of additional JP Morgan documents |

Dear Tom

We believe the redacted portions of the documents you have requested are protected by the attorney-client privilege and therefore will not be producing them. Should Enforcement elect to allege that JPMorgan has not complied with the law regarding privilege, we will address those arguments at the appropriate time and in the proper forum.   We will accept informal service of a subpoena related to these documents.

With regards to item 3, if we identify a non-privileged version of the document you reference, we will produce it.

Catherine Krupka
SUTHERLAND
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Email: catherine.krupka@sutherland.com
Phone: 202.383.0248
Cell:  202 494 2818

Only after being forced (by JP Morgan's refusal to provide any explanation whatsoever) to serve a subpoena did we finally obtain anything that purports to be an explanation of the company's privilege claims in these materials.  And to our disappointment, your April 26 letter and the attached "privilege log" do not comply with the clear and specific instructions in our subpoena to JP Morgan.  The "log," for example, recites purported grounds for privilege in a longer email chain, rather than grounds for privilege in the specific emails we've asked about.  And both the purported grounds for privilege recited in the "log" and the statements in your cover letter raise far more questions than they answer.

Accordingly, we will need to seek *in camera* review of these emails by the court unless JP Morgan promptly agrees to produce them.  Please let me know by 5 p.m. on Tuesday, May 1 whether JP Morgan will produce unredacted copies of the emails reproduced in Attachment B to our April 18, 2012 subpoena.

Finally, in preparing Attachment B, we inadvertently omitted some of the emails that were the subject of our earlier requests for explanation of privilege claims.  I am attaching a document captioned "Attachment C to April 18, 2012 Subpoena."  Please advise me by 5 p.m. on Wednesday, May 2 whether JP Morgan will agree to consider the attached Attachment C to be part of the April 18, 2012 subpoena.  (If not, we will serve a new subpoena for these documents.)

4

**From:** Krupka, Catherine [mailto:Catherine.Krupka@sutherland.com]
**Sent:** Wednesday, April 11, 2012 5:34 PM
**To:** Thomas Olson; Konieczny, Alexandra
**Cc:** Vivian Chum; Donna Lovitt; Fleischer, Jason J; Raisler, Kenneth M.; Scherman, William S
**Subject:** RE: UPDATE: Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests)

Dear Tom:

Counsel for JPMorgan have reviewed the redacted emails you reference below.   The content is
privileged, so the emails are appropriately redacted.  Thanks.

Catherine Krupka
SUTHERLAND
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415
Email: catherine.krupka@sutherland.com
Phone: 202.383.0248
Cell: 202 494 2818

When we asked JP Morgan to elaborate on its bald privilege claims, we were rebuffed
again the next day, with another unexplained assertion that the documents are
privileged:

**From:** Krupka, Catherine [mailto:Catherine.Krupka@sutherland.com]
**Sent:** Thursday, April 12, 2012 5:30 PM
**To:** Thomas Olson; Konieczny, Alexandra
**Cc:** Vivian Chum; Donna Lovitt; Jason.Fleischer@skadden.com; raislerk@sullcrom.com; William.Scherman@skadden.com
**Subject:** Re: UPDATE: Request for production of unredacted versions of unprivileged emails (THIRD of THREE requests)

Dear Tom

We believe that the redacted portions of the emails you have requested are protected by the attorney-client
privilege and therefore will not be producing them. Should Enforcement elect to allege that JPMorgan has not
complied with the law regarding privilege, we will address those arguments at the appropriate time and in the
proper forum.

Thanks

And a few days later, when we sought an explanation of privilege claims on additional
nonlawyer-to-nonlawyer communications, we were rebuffed a third time:

3

28

If you do agree to add the attached Attachment C to the April 18, 2012 subpoena, please produce the requested documents in unredacted form by 5 p.m. on Thursday, May 3.  If you refuse to produce the documents in unredacted form, please provide, as to each email in Attachment C, the information requested in the Instructions in Attachment B to the April 18, 2012 subpoena.

Thank you.

Tom

[Contents of staff's attachment to the email above are some of the JP Morgan emails that appear in Exhibits 1, 2, 3, 4, and 6.]

**May 1, 2012 4:29 p.m.**

| | |
|---|---|
| **From:** | Fleischer, Jason J <Jason.Fleischer@skadden.com> |
| **Sent:** | Tuesday, May 01, 2012 4:29 PM |
| **To:** | Thomas Olson |
| **Cc:** | Krupka, Catherine; Konieczny, Alexandra; Vivian Chum; Scherman, William S |
| **Subject:** | RE: Subpoena for production of unredacted copies of certain JP Morgan documents -- next steps [NON-PUBLIC] |
| **Attachments:** | May 1, 2012 Letter to T Olson [NON-PUBLIC].pdf |

Tom,

Please see the attached letter.

Thanks,
Jason

**From:** Thomas Olson [mailto:Thomas.Olson@ferc.gov]
**Sent:** Friday, April 27, 2012 12:27 PM
**To:** Scherman, William S (WAS)
**Cc:** Fleischer, Jason J (WAS); Krupka, Catherine; Konieczny, Alexandra; raislerk@sullcrom.com; Vivian Chum; Thomas Olson; Donna Lovitt
**Subject:** Subpoena for production of unredacted copies of certain JP Morgan documents -- next steps

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C.  20005-2111

(202) 371-7000

http://www.skadden.com

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
NEWARK
PALO ALTO
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

May 1, 2012

## VIA EMAIL

Mr. Tom Olson
Federal Energy Regulatory Commission
888 First Street, N.E.
Washington, DC 20426

Re:     *In re Make-Whole Payments and Related Bidding Practices*,
         Docket No. IN11-8-000

Dear Tom,

We write in response to your email dated April 27, 2012 concerning our April 26, 2012 response to the April 18, 2012 Subpoena for unredacted versions of certain documents that JPMorgan Ventures Energy Corp. (JPMVEC) has deemed protected by the attorney-client privilege. JPMVEC maintains that the April 26 letter and the privilege log attached to that letter were more than sufficient to assure Office of Enforcement Staff that our claims of privilege on the referenced documents are consistent with prevailing law.   We disagree with your characterization of several relevant facts as well as your assertion that we have "stonewalled" any of your requests regarding this issue.   Rather, JPMVEC has followed long-standing procedures in properly asserting the attorney-client privilege and has responded to your requests appropriately.

Contrary to your assertions, the April 26 privilege log and letter properly reference the relevant email chains and not each and every email within the chains because they are inextricably linked with each other. As we explained in the April 26 letter, each of the emails you seek in unredacted form is either forwarding an email containing the advice of counsel, relaying the advice of counsel from an earlier email or conversation with counsel, discussing the advice of counsel in an earlier email or conversation with counsel, requesting that the group seek the advice of counsel, or gathering and providing information and opinions to counsel for the purpose of receiving legal advise. These chains do not contain any digressions or discuss events or topics unrelated to the advice of counsel. Therefore, each email that you have requested in unredacted form necessarily includes *every prior email* within the chain as part of the message being conveyed. *U.S. v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1074 n.6 (N.D. Cal. 2002) ("Each e-mail/communication consists of the text of the sender's message as well as all of the prior emails that are attached to it. Therefore, … [the] assertion that each separate e-mail[] stands as an independent communication is inaccurate."). The descriptions we provided in the

Mr. Tom Olson
May 1, 2012
Page 2

privilege log apply to each and every redacted email within each chain, all of which are protected by the attorney-client privilege.

Your email further asserts that JPMVEC's privilege claims are "non-core privilege claims," but does not explain what a "non-core privilege claim" is and provides no basis for such an assertion. If you are claiming that communications such as the ones sought in the April 18 subpoena—which forward, relay or discuss the legal advice of counsel between non-attorney corporate employees who have certain responsibility for the subject matter of these investigations—are not protected by the attorney-client privilege, please provide the legal support for this assertion so that we can respond accordingly.

While JPMVEC maintains that its April 26 response is entirely sufficient, and is prepared to assert this position in court if necessary, we think it in everyone's interest to attempt to resolve this issue without the time and expense associated with litigation. We therefore have provided with this letter a revised log containing descriptions of each email chain that are consistent with the description contained in Catherine Krupka's March 15, 2012 email that you specifically indicated was sufficient.

Finally, with respect to the requests in Attachment C to your April 27, 2012 email, we are willing to respond to those requests. However, because the time period for the response to the April 18, 2012 subpoena has already elapsed, we request that you provide a new subpoena for Attachment C with a reasonable response date (which we will accept service of).

Sincerely,

William S. Scherman
Jason J. Fleischer
Skadden, Arps, Slate, Meagher
& Flom LLP
1440 New York Ave., N.W.
Washington, DC 20005-2111
(202) 371-7060

Catherine M. Krupka
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., N.W.
Washington, DC 20004-2415
(202) 383-0248

*Counsel for JP Morgan Chase & Co.*

NON-PUBLIC - PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9, 1b.20
DO NOT RELEASE

5/1/2012

## *In re* Make-Whole Payments and Related Bidding Practices, Docket No. IN11-08

### REVISED RESPONSE TO FERC LITIGATION STAFF APRIL 18, 2012 SUBPOENA

### VAUGHN INDEX

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | November 5, 2010 | JPM-203299 | Email Chain | Paul Tramonte | Robert O'Connell | | Diane Genova*; Gregory Johnson*; Armand Nakkab; Chloe Cromarty | Email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel, including D. Genova, for the provision of legal advice regarding meetings with the market monitor regarding Midwest ISO investigation. [See also Item Nos. 2, 3, 4, 5] | Attorney-Client Communications |
| 2 | November 5, 2010 | JPM-202991 | Email Chain | Robert O'Connell | Paul Tramonte | | Diane Genova*; Gregory Johnson*; Armand Nakkab; Chloe Cromarty | Email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel, including D. Genova, for the provision of legal advice regarding meetings with the market monitor regarding Midwest ISO investigation. [See also Item Nos. 1, 3, 4, 5] | Attorney-Client Communications |
| 3 | November 5, 2010 | JPM-202471 | Email forwarding Email Chain | Armand Nakkab | Armand Nakkab | | Diane Genova*; Gregory Johnson*; Paul Tramonte; Robert O'Connell; Chloe Cromarty | Email forwarding email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel, including D. Genova, for the provision of legal advice regarding meetings with the market monitor regarding Midwest ISO investigation. [See also Item Nos. 1, 2, 4, 5] | Attorney-Client Communications |
| 4 | November 5, 2010 | JPM-201572 | Email Chain | Armand Nakkab | Blythe Masters; Francis Dunleavy | Diane Genova*; Gregory Johnson*; Paul Tramonte | Rob O'Connell; Chloe Cromarty | Email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel, including D. Genova, for the provision of legal advice regarding meetings with the market monitor regarding Midwest ISO investigation. [See also Item Nos. 1, 2, 3, 5] | Attorney-Client Communications |
| 5 | November 5, 2010 | JPM-202463 | Email forwarding Email Chain | Blythe Masters | Paul Posoli | | Diane Genova*; Gregory Johnson*; Paul Tramonte; Robert O'Connell; Chloe Cromarty; Armand Nakkab | Email forwarding email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel, including D. Genova, for the provision of legal advice regarding meetings with the market monitor regarding Midwest ISO investigation. [See also Item Nos. 1, 2, 3, 4] | Attorney-Client Communications |
| 6 | May 7, 2011 | JPM-173346 - JPM-173347 | Email Chain | Blythe Masters | Armand Nakkab; Francis Dunleavy; Paul Tramonte | Diane Genova*; Gregory Johnson*; Stephen Greenleaf; Chloe Cromarty | | Email chain between Compliance, Business and Counsel requesting and discussing legal advice and providing information to Counsel, including D. Genova, for the provision of legal advice regarding market settlements and market monitor meetings. [See also Item No. 7] | Attorney-Client Communications |
| 7 | May 7, 2011 | JPM-173348 - JPM-173349 | Email | Armand Nakkab | Blythe Masters; Francis Dunleavy; Paul Tramonte | Diane Genova*; Gregory Johnson*; Stephen Greenleaf; Chloe Cromarty | | Email between Compliance, Business and Counsel requesting legal advice and providing information to Counsel for the provision of legal advice regarding market settlements and market monitor meetings. [See also Item No. 6] | Attorney-Client Communications |
| 8 | May 10, 2011 | JPM-180469 | Email | Paul Tramonte | Armand Nakkab | | | Email discussing legal advice and relaying conversation with C. Krupka regarding FERC and California ISO investigations. | Attorney-Client Communications |

* Indicates Counsel for JP Morgan and Outside Counsel

33

NON-PUBLIC - PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9, 1b.20
DO NOT RELEASE

5/1/2012

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copy(es) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 9 | May 11, 2011 | JPM-173660 - JPM-173663 | Email Chain | Armand Nakkab | Paul Tramonte | | Catherine Krupka*; Chloe Cromarty; Stephen Greenleaf | Email chain between Business, Compliance and Outside Counsel discussing legal advice and providing information to C. Krupka for the provision of legal advice regarding bid structures. | Attorney-Client Communications |
| 10 | March 11, 2011 - March 14, 2011 | JPM-172588 - JPM172593 | Email Chain | Francis Dunleavy | Blythe Masters | | Paul Posoli; Armand Nakkab; Diane Genova*; Rob Cauthen; Paul Tramonte; Stephen Greenleaf; Paul Posoli; Catherine Krupka* | Email chain between Business, Compliance, Counsel and Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. | Attorney-Client Communications |
| 11 | May 16, 2011 - May 18, 2011 | JPM-173315 - JPM-173316 | Email Chain | Armand Nakkab | Paul Posoli; Francis Dunleavy; Blythe Masters | Diane Genova*; Anne de Marolhy; Marisa Pritchard; Patricia Basci | | Email chain between Business, Compliance and Counsel discussing legal advice and providing information to Outside Counsel for the provision of legal advice regarding meeting with FERC. | Attorney-Client Communications |
| 12 | May 19, 2011 | JPM-172647 - JPM-172648 | Email Chain | Paul Posoli | Francis Dunleavy | | Blythe Masters; Armand Nakkab; Diane Genova*; Gregory Johnson* | Email chain between Business, Compliance and Counsel discussing legal advice and providing information to Outside Counsel for the provision of legal advice regarding meeting with FERC. | Attorney-Client Communications |
| 13 | June 23, 2011 | JPM-173472 | Email Chain | Blythe Masters | Stephen Greenleaf; Francis Dunleavy; Paul Posoli; Rob Cauthen; Andrew Sundeman | Diane Genova*; Gregory Johnson*; Paul Tramonte; Chloe Cromarty; Armand Nakkab | | Email between Business, Compliance and Counsel discussing legal advice from Outside Counsel regarding alternative bid structures. | Attorney-Client Communications |
| 14 | July 5, 2011 - July 6, 2011 | JPM-173207 - JPM-173208 | Email Chain | Blythe Masters | Andrew Sundeman; Armand Nakkab | Diane Genova*; Francis Dunleavy; Paul Posoli | | Email chain between Business, Compliance and Counsel relaying and discussing legal advice from Outside Counsel regarding discovery requests. | Attorney-Client Communications |
| 15 | July 15, 2011 | JPM-189162 | Email Chain | Francis Dunleavy | Jeff Winkler | | Armand Nakkab; Blythe Masters; Paul Posoli; Paul Tramonte; Rob Cauthen; Catherine Krupka*; Kenneth Raisler*; Diane Genova*; Gregory Johnson* | Email chain between Business, Compliance, Counsel and Outside Counsel requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternative bidding structures. | Attorney-Client Communications |
| 16 | November 5, 2010 | JPM-202694 - JPM-202696 | Email | Robert O'Connell | Paul Tramonte | | | Email and attachment reflecting advice of Counsel regarding Jackson Facility. | Attorney-Client Communications |

* Indicates Counsel for JP Morgan and Outside Counsel

**May 1, 2012 6:16 p.m.**

From: Thomas Olson [mailto:Thomas.Olson@ferc.gov]
Sent: Tuesday, May 01, 2012 6:16 PM
To: Scherman, William S (WAS); Fleischer, Jason J (WAS)
Cc: Vivian Chum; Thomas Olson; Donna Lovitt; raislerk@sullcrom.com; Konieczny, Alexandra; raislerk@sullcrom.com; Krupka, Catherine
Subject: Enforcement of subpoena for production of unredacted copies of certain JP Morgan documents -- [NON-PUBLIC]

Dear Mr. Scherman,

We have your letter of today's date.

In response:

1.    To avoid the burden of issuing a new subpoena, will JP Morgan agree that Appendix C will be deemed part of the original subpoena but that, by agreement, the time for responding as to Appendix C will be this Thursday, May 3?  Please let me know by the close of business tomorrow, Wednesday, May 2, whether this will work.  Thank you.

2.     As to the revised privilege log:  It again provides privilege claims as to a longer series of emails as a whole, not specifically as to each email in question.  You will recall mhat my email to you of April 27 pointed out that the previous log "recites purported grounds for privilege in a longer email chain, rather than grounds for privilege in the specific emails we've asked about."  The new log you've just provided perpetuates that error.

For example, we've asked for production of seven emails exchanged exclusively between Francis Dunleavy and Blythe Masters on March 14, 2011.  (Please see snip below.)  As we have carefully explained from the beginning, we do not seek production of *earlier* emails in the chain in which an attorney is listed in the "To" line, or of earlier emails forwarded to attorneys, but only of emails (i) exchanged solely between non-lawyers (such as these between Dunleavy and Masters) or (ii) exchanged between non-lawyers with an attorney shown only as a "cc."



- [JPM-172588]

Tools   Page   Redlines   Window   Help

| From: | Dunleavy, Francis <Francis.Dunleavy@jpmorgan.com> |
| Sent: | Monday, March 14, 2011 1:59 PM |
| To: | Masters, Blythe <blythe.masters@jpmorgan.com> |
| Subject: | RE: Privileged and Confidential - CAISO update |

Redacted

-----Original Message-----
From: Masters, Blythe
Sent: Monday, March 14, 2011 12:54 PM
To: Dunleavy, Francis
Subject: Re: Privileged and Confidential - CAISO update

Redacted

----- Original Message -----
From: Dunleavy, Francis
To: Masters, Blythe
Sent: Mon Mar 14 13:50:17 2011
Subject: RE: Privileged and Confidential - CAISO update

Redacted

-----Original Message-----
From: Masters, Blythe
Sent: Monday, March 14, 2011 12:49 PM
To: Dunleavy, Francis
Subject: Re: Privileged and Confidential - CAISO update

Redacted

----- Original Message -----
From: Dunleavy, Francis
To: Masters, Blythe
Sent: Mon Mar 14 12:38:48 2011
Subject: Re: Privileged and Confidential - CAISO update

Redacted

----- Original Message -----
From: Masters, Blythe
To: Dunleavy, Francis
Sent: Mon Mar 14 12:36:10 2011
Subject: Re: Privileged and Confidential - CAISO update

Redacted

----- Original Message -----
From: Dunleavy, Francis
To: Masters, Blythe
Sent: Mon Mar 14 12:34:30 2011
Subject: Re: Privileged and Confidential - CAISO update

Redacted

The April 27 email was not the first time we made clear that any privilege claims must be separately made *as to each email*. In particular, the instructions in our April 18 subpoena could not have been clearer on this score:

## ATTACHMENT A

### INSTRUCTIONS

If you object to the production of documents responsive to the Requests in Attachment B on the basis of attorney-client privilege or otherwise, please explain in detail, as to each document, the basis for your objection. If a document contains more than one email that you contend is privileged, please provide a separate explanation as to each email.

Please produce the documents in the same format as your other productions in this Investigation.

Despite these specific instructions, repeated in a subsequent email, JP Morgan's revised privilege log continues to set forth (as to these emails) purported grounds for privilege in a much longer, multipage chain of emails, and lists two attorneys (Diane Genova and Catherine Krupka) as recipients, even though (as the snip above shows) these attorneys did not receive the seven emails between Dunleavy and Masters that we have asked for.

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top En |
|---|---|---|---|---|---|---|
| 9 | May 11, 2011 | JPM-173660 - JPM-173663 | Email Chain | Armand Nakkab | Paul Tramonte | |
| 10 | March 11, 2011 - March 14, 2011 | JPM-172588 - JPM172593 | Email Chain | Francis Dunleavy | Blythe Masters | |

Accordingly, we will need to go to court to enforce our subpoena. Please let me know by the close of business on Wednesday, May 2 whether you will require formal service of process for the federal court subpoena enforcement action, or whether you will accept informal service by email and US Mail.

3.      While not the issue here, for the record, I did not state that JP Morgan's responses before April would have been satisfactory in a formal privilege log.  Rather, my point was that before April, we got cooperation from JP Morgan when we asked about privilege claims – cooperation that came to a halt in April.

Thank you.

Tom Olson

**May 2, 2012 4:56 p.m.**

| | |
|---|---|
| **From:** | Fleischer, Jason J <Jason.Fleischer@skadden.com> |
| **Sent:** | Wednesday, May 02, 2012 4:56 PM |
| **To:** | Thomas Olson |
| **Cc:** | Vivian Chum; Konieczny, Alexandra; Krupka, Catherine; Scherman, William S; Fleischer, Jason J |
| **Subject:** | [NON-PUBLIC] RE: Enforcement of subpoena for production of unredacted copies of certain JP Morgan documents |

Tom,

Please see below for a message from Bill Scherman.

Thanks,
Jason

_____

Tom,

After reviewing your email last night, we are concerned that we do not seem to be communicating.

As we stated in our last letter, we think it is in everyone's interests to attempt to settle these matters amicably before wasting the time and the expense of litigation on well-settled matters of law. So, rather than spending more time going back and forth with emails, we would like to have a phone conference where we can discuss these issues further.

As we stated in our last letter, we are more than willing to provide a response to your request in "Attachment C," but because the response time for the April 18 Subpoena has elapsed, we would like you to issue a new subpoena. We think a response date of Friday, May 4 at 5pm is reasonable.

We have clearly stated our position that the so-called 'side bar" emails (a characterization we disagree with) you request are protected by the attorney-client privilege as a matter of law. We have also clearly stated our position that it is appropriate to list emails in the same email chain on a privilege log as a single entry where, as here, the same description and privilege claim applies to each and every email in that chain. It would be unduly burdensome if we were to list each email separately and the entries for each email in every chain would be virtually identical. We are willing to discuss this position and approach on our call.

JP Morgan has been and continues to be cooperative with Staff in this matter. The suggestion that we have been uncooperative or have stonewalled Staff by refusing to provide unredacted versions of privileged documents contravenes the Commission's policy that good-faith privilege claims will not be deemed uncooperative. *Revised Policy Statement on Enforcement*, 123 FERC ¶ 61,156, P 22 (May 15, 2008). We have acted in good-faith throughout this process and we are frustrated that Staff has refused to respond to the substantive points we have made on this issue.

I have jury duty Thursday and will be out of the office most of Friday on a family matter. What does your schedule look like early next week for a call?

1

Thanks,

Bill Scherman

**May 2, 2012 5:26 p.m.**

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Wednesday, May 02, 2012 5:26 PM |
| **To:** | Fleischer, Jason J; Scherman, William S |
| **Cc:** | Vivian Chum; Konieczny, Alexandra; Krupka, Catherine; Thomas Olson; raislerk@sullcrom.com |
| **Subject:** | RE: [NON-PUBLIC] RE: Enforcement of subpoena for production of unredacted copies of certain JP Morgan documents |

Bill,

We have your email below.

We've made our position very clear, and we've read your letters very carefully; I don't see any value in additional discussions here.  To take one example:  giving us privilege logs that say "communication between attorney and client" when there is no attorney involved in the specific communication is not a matter of avoiding "undue burdens"; it is both factually inaccurate and nonresponsive to our clear and explicit instructions.  We've told you this many times and we keep getting the same inaccurate, nonresponsive answers.

Because you have declined the more convenient proposal that we made, we will issue a new subpoena as to Attachment C.

Please advise me by noon tomorrow whether JP Morgan will accept informal service of process for a federal district court subpoena enforcement action as to the emails in both Attachment B and Attachment C.

Thank you.

Tom Olson

**May 3, 2012 8:18 a.m.**

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Thursday, May 03, 2012 8:18 AM |
| **To:** | William.Scherman@skadden.com; Jason.Fleischer@skadden.com |
| **Cc:** | Krupka, Catherine; Konieczny, Alexandra; raislerk@sullcrom.com; Vivian Chum; Thomas Olson; Donna Lovitt |
| **Subject:** | Subpoena for production by JP Morgan of documents in Attachment C |
| **Attachments:** | 2012 05 03 Subpoena for Production of Unredacted Documents.pdf; 2012 05 03 - Subpoena Attachments.pdf |

Dear Mr. Scherman,

In your email yesterday, you declined to agree to add Attachment C to the April 18, 2012 subpoena (with a new deadline for production), and instead insisted on issuance of a new subpoena. Accordingly, we are hereby serving JP Morgan with a formal subpoena for production of unredacted versions of the redacted communications shown in Attachment C.

We appreciate JP Morgan's agreement to accept informal service of this subpoena by email and US Mail.

We have been seeking these documents for the better part of a month. Producing the documents in unredacted form should not be time-consuming, nor (in the event that JP Morgan continues to assert privilege) should producing a privilege log in the form requested as to the 14 or so emails shown in Attachment C. In the interests of accommodation, however, we are extending the deadline for production from today until next Wednesday.

I look forward to hearing from you today whether JP Morgan will accept informal service of process for a federal court subpoena enforcement action as to the documents shown in Attachment A to the April 18, 2012 subpoena and the documents shown in Attachment C to this subpoena. If you prefer formal service of process, I'd be grateful if you could identify the corporate official whom you wish to be served.

Thank you.

Tom Olson

**[The contents of staff's attachment to the above email are the May 3, 2012 subpoena and attachments to the subpoena reprinted in Exhibit 6.]**

**May 3, 2012 11:56 a.m.**

| | |
|---|---|
| **From:** | Fleischer, Jason J <Jason.Fleischer@skadden.com> |
| **Sent:** | Thursday, May 03, 2012 11:56 AM |
| **To:** | Thomas Olson; Scherman, William S |
| **Cc:** | Vivian Chum; Konieczny, Alexandra; Krupka, Catherine; raislerk@sullcrom.com |
| **Subject:** | RE: [NON-PUBLIC] RE: Enforcement of subpoena for production of unredacted copies of certain JP Morgan documents |

Tom,

As you know, Bill is currently on jury duty and unavailable.  Please see below for a message he has asked me to send to you.

Thanks,
Jason

_____-

Tom,

We are disappointed by your refusal of our request for a meet and confer to resolve this discovery dispute.

We do not understand your statement in your May 2 email that you "don't see any value in additional discussions here," since there has been no discussion of any kind to date to resolve this dispute.  There have been only emails back and forth that, due to lack of discussion, we believe have been like two ships passing in the night.  (Indeed, though we do not think it productive to discuss them at this point, we believe there are various inaccuracies in several of your recent emails).

To be clear, we are not certain we understand your actual position and think there would be value in a meet and confer.  We will then be in a position to understand your position and hopefully resolve this matter without litigation.  We are willing to do so and hope you are too.

We note that if you truly intend to initiate a "a federal district court subpoena enforcement action," you'll have to certify that you had a meet and confer under Rule 37(a).  Doesn't it make sense to have that meet and confer now rather than later, and hopefully we can avoid going to court?

Catherine and I can't recall a single instance where either FERC Enforcement or Trial Staff simply refused to have any informal conversation in an attempt to resolve a discovery dispute.  Our collective experience is that more often than not such disputes can be resolved or narrowed.  We think we can do so here and would appreciate the chance to talk.

Thanks,
Bill

**From:** Thomas Olson [mailto:Thomas.Olson@ferc.gov]
**Sent:** Wednesday, May 02, 2012 5:26 PM

## May 3, 2012 3:06 p.m.

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Thursday, May 03, 2012 3:06 PM |
| **To:** | Fleischer, Jason J; Scherman, William S |
| **Cc:** | Vivian Chum; Konieczny, Alexandra; Krupka, Catherine; raislerk@sullcrom.com; Thomas Olson; Donna Lovitt |
| **Subject:** | RE: [NON-PUBLIC] RE: Enforcement of subpoena for production of unredacted copies of certain JP Morgan documents |

Bill,

The parties have already had an extremely detailed meet-and-confer process through our exchange of letters and emails.  But we are willing to talk to you by phone today or tomorrow (if you are available) or on Monday.  Please let me know what times (up to and including Monday) will work for you.

Thank you.

Tom

## May 3, 2012 4:52 p.m.

| | |
|---|---|
| **From:** | Fleischer, Jason J <Jason.Fleischer@skadden.com> |
| **Sent:** | Thursday, May 03, 2012 4:52 PM |
| **To:** | Thomas Olson; Scherman, William S |
| **Cc:** | Vivian Chum; Konieczny, Alexandra; Krupka, Catherine; raislerk@sullcrom.com; Donna Lovitt |
| **Subject:** | RE: [NON-PUBLIC] RE: Enforcement of subpoena for production of unredacted copies of certain JP Morgan documents |

Tom,

Are you available at 11am EST on Monday May 7?  If so, I'll send around a call in number for the meet and confer.

Thanks,
Jason

## May 3, 2012 5:07 p.m.

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Thursday, May 03, 2012 5:07 PM |
| **To:** | Fleischer, Jason J; Scherman, William S |
| **Cc:** | Vivian Chum; Konieczny, Alexandra; Krupka, Catherine; raislerk@sullcrom.com; Donna Lovitt; Robin Meidhof; Thomas Olson |
| **Subject:** | RE: [NON-PUBLIC] RE: Enforcement of subpoena for production of unredacted copies of certain JP Morgan documents |

Jason,

Yes, that will work.  Thanks.

If JP Morgan does not agree by the end of the discussion to produce the requested documents, please be ready to tell us at the end of the call whether the company will consent to informal service of process for the subpoena enforcement action, or if not, which corporate official JP Morgan wishes to be formally served.

Thanks.

Tom

## May 4, 2012 4:14 p.m.

| | |
|---|---|
| **From:** | Fleischer, Jason J <Jason.Fleischer@skadden.com> |
| **Sent:** | Friday, May 04, 2012 4:14 PM |
| **To:** | Thomas Olson; Scherman, William S |
| **Cc:** | Vivian Chum; Konieczny, Alexandra; Krupka, Catherine; Donna Lovitt; Robin Meidhof |
| **Subject:** | RE: [NON-PUBLIC] RE: Enforcement of subpoena for production of unredacted copies of certain JP Morgan documents |

Tom,

For the Meet and Confer on Monday May 7 at 11am EST please use the following call-in:

1-888-453-4408
Passcode: 5319009703

Thanks,
Jason

**May 7, 2012 7:02 p.m.**

| | |
|---|---|
| From: | Scherman, William S <William.Scherman@skadden.com> |
| Sent: | Monday, May 07, 2012 7:02 PM |
| To: | Thomas Olson; Vivian Chum |
| Cc: | Fleischer Jason J; 'catherina.krupka@sutherland.com'; 'alexandra.konieczny@sutherland.com' |
| Subject: | Non-Public Communication Regarding Today's Meet and Confer Call |

Tom,

Thank you for agreeing to speak with us today regarding the discovery issue.

As we have thought more about it, and in order to resolve this issue, in this instance, we would be willing to provide you with a privilege log that breaks email chains down into their constituent emails and deals with each email separately. We are willing to produce such a log by Wednesday, May 9.

We will also let you know by Wednesday, May 9 whether we will accept informal service of a federal court enforcement action should you choose to go forward.

It would also be helpful to resolving this issue if you would confirm that, as we discussed, if we were to produce an unredacted portion of an email or email chain, the Staff would not assert that the production of those unredacted portions constituted a waiver of privilege, including subject matter waiver, as to the remaining redacted portions of the email, the email chain or any other related documents or communications. We believe this is what you stated during the call, but wanted to be certain. Please let us know if you agree prior to Wednesday, May 9.

Again, thank you for agreeing to speak with us this morning. We believe this conversation was fruitful and gave us a much clearer view of your position.

Thanks,
Bill and Catherine

**May 7, 2012 7:33 p.m.**

| From: | Thomas Olson |
|---|---|
| Sent: | Monday, May 07, 2012 7:33 PM |
| To: | Scherman, William S; Vivian Chum |
| Cc: | Fleischer, Jason J; 'catherine.krupka@sutherland.com'; 'alexandra.konieczny@sutherland.com'; Robin Maidhof; Donna Lovitt; Thomas Olson |
| Subject: | RE: Non-Public Communication Regarding Today's Meet and Confer Call |

Bill,

Thanks for your email.

We've been asking for privilege claims for the actual emails at issue for weeks, so we would certainly look at a log of that type if JP Morgan provides one on Wednesday. Should the company do so, however, I cannot guarantee that finally obtaining an email-by-email privilege log (after many requests for one) will end our inquiry. As you know, parties routinely seek in camera review even of documents that are promptly listed in privilege logs addressing the specific documents at issue, and we may conclude that is necessary when we review whatever you provide us on Wednesday. That said, if you provide us with redacted versions of emails demonstrating that the entire content of the email is of the form "Catherine Krupka advised me [redacted], Diane Genova advised me [redacted]" (etc.), that would obviously be relevant to our evaluation of the privilege issues.

You are correct that if JP Morgan unredacts an email, or certain portions of one, we will not assert that you have waived privilege as to other emails, other portions of that email, or other materials. Similarly, if JP Morgan unredacts an email or a portion of one, we will not argue that you have made a subject matter waiver of privilege as to other materials. (These undertakings are specific to the emails in Attachments B and C, though we will be happy to entertain similar requests should other disputes about privilege arise.)

Thank you for agreeing to let us know by Wednesday whether JP Morgan will accept informal service of process should we proceed in federal court.

Tom

46

**May 9, 2012 4:05 p.m.**

**From:** Fleischer, Jason J [mailto:Jason.Fleischer@skadden.com]
**Sent:** Wednesday, May 09, 2012 4:05 PM
**To:** Thomas Olson
**Cc:** Scherman, William S; 'Krupka, Catherine'; 'Konieczny, Alexandra'; Vivian Chum
**Subject:** NON-PUBLIC JPM's Response today to the May 3 Subpoena

Tom,

We are in the process of putting together the comprehensive response to the May 3 subpoena as promised earlier this week.  I want to assure you that you will get a response tonight, but due to issues with our document vendor (redactions and bates numbers) our response may come shortly after the 5pm deadline. I am hopeful that it will be no more than an hour or two, if that.

Please let me know if you have any questions.

Thanks,
Jason

**Jason J. Fleischer**
**Skadden, Arps, Slate, Meagher & Flom LLP**
1440 New York Avenue, N.W. | Washington | D.C. | 20005
T: 202.371.7916 | F: 202.661.0518
Jason.Fleischer@skadden.com

## May 9, 2012 4:29 p.m.

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Wednesday, May 09, 2012 4:29 PM |
| **To:** | Fleischer, Jason J |
| **Cc:** | Scherman, William S; 'Krupka, Catherine'; 'Konieczny, Alexandra'; Vivian Chum |
| **Subject:** | RE: NON-PUBLIC JPM's Response today to the May 3 Subpoena |

No problem, thanks for the heads-up.

## May 9, 2012 6:00 p.m.

| | |
|---|---|
| **From:** | Fleischer, Jason J <Jason.Fleischer@skadden.com> |
| **Sent:** | Wednesday, May 09, 2012 6:00 PM |
| **To:** | Thomas Olson; Vivian Chum |
| **Cc:** | Scherman, William S; 'catherine.krupka@sutherland.com'; 'Konieczny, Alexandra'; Fleischer, Jason J |
| **Subject:** | [NON PUBLIC]  JPMVEC Response to May 3 Subpoena |
| **Attachments:** | May 9 Response to Subpoena (NON-PUBLIC).pdf; May 9 Response Concordance Load Files.zip |

Tom,

Attached please find JPMVEC's Response to the May 3 Subpoena and Concordance load files with revised redacted documents.

Please let me know if you have any questions.

Thanks,
Jason

**Jason J. Fleischer**
**Skadden, Arps, Slate, Meagher & Flom LLP**
1440 New York Avenue, N.W. | Washington | D.C. | 20005
T: 202.371.7916 | F: 202.661.0518
Jason.Fleischer@skadden.com

**[The contents of the "May 9 Response Concordance Load Files.zip" attachment to the email above are some of the JP Morgan emails in Exhibits 1, 2, 3, 4, and 6, although the following have been excluded:  JP Morgan emails produced in duplicate in the zip file; some JP Morgan emails not requested in staff's subpoenas but produced in the zip file; and a redacted attachment to JP Morgan's November 5, 2010, 1:19 p.m. email.]**

NON-PUBLIC — PROTECTED MATERIAL SUBJECT TO 18 C.F.R. §§ 1b.9, 1b.20

SKADDEN , ARPS, SLATE, MEAGHER & FLOM LLP

1 440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-21 II

(202) 371-7000
http://www.skadden.conn

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
NEWARK
PALO ALTO
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

May 9, 2012

VIA EMAIL

Mr. Tom Olson
Federal Energy Regulatory Commission
888 First Street, N.E.
Washington, DC 20426

Re:      *In re Make-Whole Payments and Related Bidding Practices,*
         Docket No. IN11-8-000

Dear Mr. Olson:

JP Morgan Ventures Energy Corporation ("JPMVEC") is in receipt of and has reviewed the Subpoena *Duces Tecum* issued by the Office of Enforcement on May 3, 2012 (the "May 3 Subpoena"). The May 3 Subpoena seeks production of 6 documents listed in Attachment C of the Subpoena (the "May 3 Request"). In addition, JPMVEC has previously received and reviewed the Subpoena *Duces Tecum* issued by the Office of Enforcement on April 18, 2012 (the "April 18 Subpoena"). The April 18 Subpoena sought production of 16 documents listed in Attachment B of the April 18 Subpoena (the "April 18 Request"). JPMVEC's April 26, 2012 response to the April 18 Subpoena is appended hereto as Attachment A and is incorporated herein as part of this response.

Each of the documents sought by Enforcement Staff is protected in whole or in part by the attorney-client privilege. The May 3 Request seeks unredacted versions of six email chains (or portions thereof) which were previously produced to Enforcement Staff with the privileged portions redacted. Similarly, the April 18 Request sought unredacted versions of sixteen emails and email chains (or portions thereof) which were previously produced to Enforcement Staff with the privileged portions redacted. JPMVEC therefore objects to the May 3 Request and renews its objection to the April 18 Request as compliance would violate the attorney-client privilege.

Notwithstanding these objections, and in an attempt to resolve amicably this issue, JPMVEC and Enforcement Staff held a meet and confer conference call on May 7, 2012. JPMVEC appreciates Enforcement Staff's commitment as stated during that meet and confer, and as confirmed by subsequent email, that Enforcement Staff will not in any way view a

Mr. Tom Olson
May 9, 2012
Page 2

removal of a redaction, in whole or in part, as a waiver of privilege or a subject matter waiver as to the remainder of that email, other emails, the email chains or any or all other related documents or communications.[1] Therefore, JPMVEC's objection to the May 3 Request notwithstanding, where possible and in keeping with Enforcement Staff's commitment, JPMVEC has unredacted certain emails or portions thereof sought by the May 3 Request.[2]

In addition, JPMVEC has reviewed the materials sought by the April 18 Request and, notwithstanding JPMVEC's previous and renewed objections, where possible and in keeping with Enforcement Staff's commitment detailed above, JPMVEC has unredacted certain emails or portions thereof sought by the April 18 Request.[3]

JPMVEC is producing with this letter, in Concordance load file format, versions of the documents sought by the May 3 and April 18 Requests for which JPMVEC has altered or removed redactions.

With respect to Items 17-22 sought by the May 3 Request, the remaining redacted portions of each email chain are communications among employees and counsel of JPMVEC and its subsidiaries and affiliates who have certain responsibility for the subject matter of the investigations by the Commission, the Midwest ISO and/or the California ISO. The redacted portions of each email and email chain are communications relaying or conveying the legal advice of counsel, requesting the legal advice of counsel, discussing the legal advice of counsel and/or providing information to counsel necessary for the provision of legal advice relating to the investigations by the Commission, the Midwest ISO and/or the California ISO. The redacted portions of each email between non-lawyer employees of JPMVEC and its subsidiaries that do

---

*See* Email from Bill Scherman to Tom Olson and Vivian Chum, dated May 7, 2012 and response email from Tom Olson to Bill Scherman and Vivian Chum dated May 7, 2012, appended hereto as Attachment B.

[2]   A *Vaughn* index identifying the documents sought by the May 3 Request, broken down into constituent emails is appended hereto as Attachment C.  *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973). The *Vaughn* index begins with the next number, in series, starting from the last entry in our April 26 *Vaughn* index. Items 17-22 of the *Vaughn* index correspond to the documents sought by the May 3 Request in the order in which they appear in the request. Constituent emails are identified, starting with the most recent, as a sub item of the larger email chain *(i.e.,* 17a, 17b, 17c, etc.). Where JPMVEC has removed a redaction or portion thereof of a requested constituent email, JPMVEC has so noted that removal on the index entry for that constituent email.

A revised *Vaughn* index identifying Items 1-16 sought by the April 18 Request, broken down into constituent emails, is appended hereto as Attachment D. Constituent emails are identified, starting with the most recent, as a sub item of the larger email chain *(i.e.,* 1a, 1b, 1 c, etc.). Where JPMVEC has removed a redaction or portion thereof of a requested constituent email, JPMVEC has so noted that removal on the index entry for that constituent email.

Mr. Tom Olson
May 9, 2012
Page 3

not copy counsel are communications relaying or conveying the legal advice of counsel, discussing the legal advice of counsel, and/or are requesting the legal advice of counsel. The redacted portions of each email and email chain were intended to be and remain confidential. The redacted portions of Items 17-22 are therefore subject to and protected by the attorney-client privilege.

   In addition, as you first requested on May 1, 2012,[4] if Enforcement Staff chooses to file an enforcement action to compel responses to the April 18 or May 3 Subpoenas, the undersigned will accept informal service of the summons and complaint subject to your agreement that, upon filing the complaint, you will send us a valid waiver of service request per Rule 4(d)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(d)(1). In addition, please note that the undersigned's agreement to accept informal service is not intended and should not be construed as a waiver of any objections JPMVEC may have as to jurisdiction or venue. *See, e.g., id.* at 4(d)(5) ("Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.").

   As always, should you have any questions, please do not hesitate to contact us.

Sincerely,

William S. Scherman
Jason J. Fleischer
Skadden, Arps, Slate Meagher
& Flom LLP
1440 New York Ave., N.W.
Washington, DC 20005-2111
(202) 371-7060

Catherine M. Krupka
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., N.W.
Washington, DC 20004-2415
(202) 383-0248

*Counsel for JP Morgan Chase & Co.*

Attachments/Enclosures

---

[4]   *See* Email from Tom Olson to Bill Scherman and Jason Fleischer dated May 1, 2012, appended hereto as Attachment E.

## Attachment C to May 9, 2012 JP Morgan Letter

NON-PUBLIC - PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9, 1b.20
DO NOT RELEASE

*In re* Make-Whole Payments and Related Bidding Practices, Docket No. IN11-08

RESPONSE TO FERC LITIGATION STAFF "ATTACHMENT C" REQUEST

VAUGHN INDEX

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 17 | March 11, 2011 - March 12, 2011 | JPM-173497 | Email Chain | Blythe Masters | Francis Dunleavy | | Armand Nakkab; Diane Genova*; Rob Caufken; Paul Tramonte; Stephen Greenlaw*; Paul Posoli; Catherine Krupka* | Email chain between Business, Compliance, Counsel and Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. [See Items 10, 18-22] | Attorney-Client Communications |
| 17a | March 12, 2011 | | Email | Blythe Masters | Francis Dunleavy | | | Email between corporate employees with subject matter responsibly relaying and discussing legal advice of Outside Counsel regarding alternate bid structures. | Attorney-Client Communications |
| 18 | March 11, 2011 - March 14, 2011 | JPM-172593 | Email Chain | Francis Dunleavy | Blythe Masters | | Armand Nakkab; Diane Genova*; Rob Caufken; Paul Tramonte; Stephen Greenlaw*; Paul Posoli; Catherine Krupka* | Email chain between Business, Compliance, Counsel and Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. [See Items 10, 17, 19-22] | Attorney-Client Communications |
| 18a | March 14, 2011 | | Email | Francis Dunleavy | Blythe Masters | | | Email between corporate employees with subject matter responsibly relaying and discussing legal advice of Outside Counsel regarding alternate bid structures. [See Item No. 19e] | Attorney-Client Communications |
| 18b | March 14, 2011 | | Email | Blythe Masters | Francis Dunleavy | | | Email between corporate employees with subject matter responsibly relaying and discussing legal advice of Outside Counsel regarding alternate bid structures. [See Item No. 19f] | Attorney-Client Communications |
| 18c | March 14, 2011 | | Email | Francis Dunleavy | Blythe Masters | | | Email between corporate employees with subject matter responsibly relaying and discussing legal advice of Outside Counsel regarding alternate bid structures. [See Item No. 19g] | Attorney-Client Communications |
| 19 | March 11, 2011 | JPM-172627 | Email Chain | Paul Posoli | Francis Dunleavy | | Armand Nakkab; Blythe Masters; Diane Genova*; Paul Tramonte; Stephen Greenlaw*; Catherine Krupka* | Email chain between Business, Compliance, Counsel and Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. [See Items 10, 17-19, 20-22] | Attorney-Client Communications |
| 19a | March 11, 2011 | | Email | Paul Posoli | Francis Dunleavy | | | UNREDACTED | |

* Indicates Counsel for JP Morgan and Outside Counsel

NON-PUBLIC – PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9, 1b.20
DO NOT RELEASE

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 19b | March 11, 2011 | | Email | Blythe Masters | Armand Nakkab; Francis Dunleavy; Paul Posoli | Diane Genova*; Paul Tramonte; Stephen Greenleaf; Catherine Knipka* | | Email between Business, Compliance, Counsel and Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. | Attorney-Client Communications |
| 19c | March 11, 2011 | | Email | Armand Nakkab | Blythe Masters; Francis Dunleavy; Paul Posoli | Diane Genova*; Paul Tramonte; Stephen Greenleaf; Catherine Knipka* | | Email between Business, Compliance, Counsel and Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. [See 22a] [Attorney reference unredacted] | Attorney-Client Communications |
| 20 | March 11, 2011 - March 12, 2011 | JPM-172000 | Email Chain | Francis Dunleavy | Rob Cauthen | | Armand Nakkab; Diane Genova*; Blythe Masters; Paul Tramonte; Stephen Greenleaf; Paul Posoli; Catherine Knipka* | Email chain between Business, Compliance, Counsel and Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. [See Items 10, 17-19, 21-22] | Attorney-Client Communications |
| 20a | March 12, 2011 | | Email | Francis Dunleavy | Rob Cauthen | | | UNREDACTED | |
| 21 | March 11, 2011 - March 14, 2011 | JPM-173454 | Email Chain | Blythe Masters | Francis Dunleavy; Paul Posoli; Armand Nakkab | | Diane Genova*; Rob Cauthen; Paul Tramonte; Stephen Greenleaf; Catherine Knipka* | Email chain between Business, Compliance, Counsel and Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. [See Items 10, 17-20, 22] | Attorney-Client Communications |
| 21a | March 14, 2011 | | Email | Blythe Masters | Francis Dunleavy; Paul Posoli; Armand Nakkab | | | Email between corporate employees with subject matter responsibility relaying and discussing legal advice of Outside Counsel regarding alternate bid structures. | Attorney-Client Communications |
| 22 | March 11, 2011 | JPM-172625 - JPM-172626 | Email Chain | Francis Dunleavy | Stephen Greenleaf | | Armand Nakkab; Diane Genova*; Paul Tramonte; Blythe Masters; Paul Posoli; Catherine Knipka* | Email relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. [See Items 10, 17-21] | Attorney-Client Communications |
| 22a | March 11, 2011 | | Email | Francis Dunleavy | Stephen Greenleaf | | | Email between corporate employees with subject matter responsibility relaying and discussing legal advice of Outside Counsel regarding alternate bid structures. | Attorney-Client Communications |
| 22b | March 11, 2011 | | Email | Stephen Greenleaf | Francis Dunleavy | | | Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. [See Items 10, 17-21] | Attorney-Client Communications |

* Indicates Counsel for JP Morgan and Outside Counsel

NON-PUBLIC - PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9, 1b.20
DO NOT RELEASE

5/9/2012

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 22c | March 11, 2011 | | Email | Francis Dunleavy | Blythe Masters; Armand Nakkab; Paul Posoli | Diane Genova*; Paul Tramonte; Stephen Greenleaf; Catherine Krupka* | | Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. | Attorney-Client Communications |
| 22d | March 11, 2011 | | Email | Blythe Masters | Armand Nakkab; Francis Dunleavy; Paul Posoli | Diane Genova*; Paul Tramonte; Stephen Greenleaf; Catherine Krupka* | | Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. | Attorney-Client Communications |
| 22e | March 11, 2011 | | Email | Armand Nakkab | Blythe Masters; Francis Dunleavy; Paul Posoli | Diane Genova*; Paul Tramonte; Stephen Greenleaf; Catherine Krupka* | | Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. [See Item No. 18c] [Attorney reference | Attorney-Client Communications |

* Indicates Counsel for JP Morgan and Outside Counsel

## Attachment D to May 9, 2012 JP Morgan Letter

NON-PUBLIC - PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9, 1b.20
DO NOT RELEASE

5/6/2012

*In re* Make-Whole Payments and Related Bidding Practices, Docket No. IN11-08

REVISED RESPONSE TO FERC LITIGATION STAFF APRIL 18, 2012 SUBPOENA

VAUGHN INDEX

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | November 5, 2010 | JPM-203296 | Email Chain | Paul Tramonte | Robert O'Connell | | Diane Genoua*; Gregory Johnson*; Armand Nakkab; Chloe Cromarty | Email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel, including D. Genoua, for the provision of legal advice regarding meetings with the market monitor regarding Midwest ISO investigation. [See also Item Nos. 2, 3, 4, 5] | Attorney-Client Communications |
| 1a | November 5, 2010 | | Email | Paul Tramonte | Robert O'Connell | | | responsibly requesting and discussing legal advice and request for legal advice and discussing information provided to counsel for the provision of legal advice regarding meetings with the market monitor regarding Midwest ISO investigation. [See Item No. 2b] [Attorney reference unredacted] | Attorney-Client Communications |
| 1b | November 5, 2010 | | Email | Robert O'Connell | Paul Tramonte | | | UNREDACTED | |
| 2 | November 5, 2010 | JPM-202961 | Email Chain | Robert O'Connell | Paul Tramonte | | Diane Genoua*; Gregory Johnson*; Armand Nakkab; Chloe Cromarty | Email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel, including D. Genoua, for the provision of legal advice regarding meetings with the market monitor regarding Midwest ISO investigation. [See also Item Nos. 1, 3, 4, 5] | Attorney-Client Communications |
| 2a | November 5, 2010 | | Email | Robert O'Connell | Paul Tramonte | | | UNREDACTED | |
| 2b | November 5, 2010 | | Email | Paul Tramonte | Robert O'Connell | | | responsibly requesting and discussing legal advice and request for legal advice provided to counsel for the provision of legal advice regarding meetings with the market monitor regarding Midwest ISO investigation. [See 1a] [Attorney reference unredacted] | Attorney-Client Communications |
| 2c | November 5, 2010 | | Email | Robert O'Connell | Paul Tramonte | | | UNREDACTED | |
| 3 | November 5, 2010 | JPM-202471 | Email forwarding Email Chain | Armand Nakkab | Armand Nakkab | | Diane Genoua*; Gregory Johnson*; Paul Tramonte; Robert O'Connell; Chloe Cromarty | Email forwarding email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel, including D. Genoua, for the provision of legal advice regarding meetings with the market monitor regarding Midwest ISO investigation. [See also Item Nos. 1, 2, 4, 5] | Attorney-Client Communications |

* Indicates Counsel for JP Morgan and Outside Counsel

Page 1 of 7

5/9/2012

NON-PUBLIC – PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9, 1b.20
DO NOT RELEASE

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 3a | November 5, 2010 | | Email | Armand Nakkab | Armand Nakkab | | | UNREDACTED | |
| 4 | November 5, 2010 | JPM-201572 | Email Chain | Armand Nakkab | Blythe Masters; Francis Dunleavy | Diane Genova*; Gregory Johnson*; Paul Tramonte | Rob O'Connell; Chloe Cromarty | requesting and discussing legal advice and request for legal advice and providing information to Counsel, including D. Genova, for the provision of legal advice regarding meetings with the market monitor regarding Midwest ISO investigation. [See also Item Nos. 1, 2, 3, 5] | Attorney-Client Communications |
| 4a | November 5, 2010 | | Email | Armand Nakkab | Blythe Masters; Francis Dunleavy | Diane Genova*; Gregory Johnson*; Paul Tramonte | | UNREDACTED | |
| 5 | November 5, 2010 | JPM-202463 | Email forwarding Email Chain | Blythe Masters | Paul Posoli | | Diane Genova*; Gregory Johnson*; Paul Tramonte; Robert O'Connell; Chloe Cromarty; Armand Nakkab | Email forwarding email chain between Compliance and Counsel requesting and discussing legal advice and providing information to Counsel, including D. Genova, for the provision of legal advice regarding meetings with the market monitor regarding Midwest ISO investigation. [See also Item Nos. 1, 2, 3, 4] | Attorney-Client Communications |
| 5a | November 5, 2010 | | Email | Armand Nakkab | Blythe Masters; Francis Dunleavy | Diane Genova*; Gregory Johnson*; Paul Tramonte | | UNREDACTED | |
| 6 | May 7, 2011 | JPM-173346 - JPM-173347 | Email Chain | Blythe Masters | Armand Nakkab; Francis Dunleavy; Paul Tramonte | Diane Genova*; Gregory Johnson*; Stephen Greenleaf; Chloe Cromarty | | Email chain between Compliance, Business and Counsel requesting and discussing legal advice and providing information to Counsel, including D. Genova, for the provision of legal advice regarding market settlements and market monitor meetings. [See also Item No. 7] | Attorney-Client Communications |
| 6a | | | Email | Blythe Masters | Armand Nakkab; Francis Dunleavy; Paul Tramonte | Diane Genova*; Gregory Johnson*; Stephen Greenleaf; Chloe Cromarty | | UNREDACTED | |
| 6b | | | Email | Armand Nakkab | Blythe Masters; Francis Dunleavy; Paul Tramonte | Diane Genova*; Gregory Johnson*; Stephen Greenleaf; Chloe Cromarty | | UNREDACTED | |
| 6c | | | Email | Blythe Masters | Armand Nakkab; Francis Dunleavy; Paul Tramonte | Diane Genova*; Gregory Johnson*; Stephen Greenleaf; Chloe Cromarty | | Email between corporate employees with subject matter responsibility and Counsel requesting and discussing legal advice and discussing information provided to Counsel, including D. Genova, for the provision of legal advice regarding market settlements and market monitor meetings. | Attorney-Client Communications |

* Indicates Counsel for JP Morgan and Outside Counsel

Page 2 of 7

5/9/2012

NON-PUBLIC - PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9, 1b.20
DO NOT RELEASE

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 6d | | | Email | Armand Nakkab | Blythe Masters, Francis Dunleavy, Paul Tramonte | Diane Genoua*, Gregory Johnson*, Stephen Greenleaf, Chloe Cromarty | | Email between corporate employees with subject matter responsibility and Counsel requesting and discussing legal advice and discussing information provided to Counsel, including D. Genoua, for the provision of legal advice regarding market settlements and market monitor meetings. [See 7a] | Attorney-Client Communications |
| 7 | May 7, 2011 | JPM-173348 - JPM-173349 | Email | Armand Nakkab | Blythe Masters, Francis Dunleavy, Paul Tramonte | Diane Genoua*, Gregory Johnson*, Stephen Greenleaf, Chloe Cromarty | | Email between Compliance, Business and Counsel requesting legal advice and providing information to Counsel for the provision of legal advice regarding market settlements and market monitor meetings.   [See also Item No. 6] | Attorney-Client Communications |
| 7a | | | Email | Armand Nakkab | Blythe Masters, Francis Dunleavy, Paul Tramonte | Diane Genoua*, Gregory Johnson*, Stephen Greenleaf, Chloe Cromarty | | Email between corporate employees with subject matter responsibility and Counsel requesting and discussing legal advice and discussing information provided to Counsel, including D. Genoua, for the provision of legal advice regarding market settlements and market monitor meetings. [See 6d] | Attorney-Client Communications |
| 8 | May 10, 2011 | JPM-180499 | Email | Paul Tramonte | Armand Nakkab | | | Email discussing legal advice and relaying conversation with C. Krupka regarding FERC and California ISO investigations. [Attorney reference unredacted] | Attorney-Client Communications |
| 9 | May 11, 2011 | JPM-173690 - JPM-173693 | Email Chain | Armand Nakkab | Paul Tramonte | | Catherine Krupka*, Chloe Cromarty, Stephen Greenleaf | Email chain between Business, Compliance and Outside Counsel discussing legal advice and providing information to C. Krupka for the provision of legal advice regarding bid structures. | Attorney-Client Communications |
| 9a | May 11, 2011 | | Email | Armand Nakkab | Paul Tramonte | | | UNREDACTED | |
| 9b | May 11, 2011 | | Email | Paul Tramonte | Armand Nakkab | | | Email between corporate employees with subject matter responsibility discussing request for legal advice, legal advice and information provided to C. Krupka for the provision of legal advice regarding bid structures. | Attorney-Client Communications |
| 9c | May 11, 2011 | | Email | Armand Nakkab | Paul Tramonte | | | Email between corporate employees with subject matter responsibility discussing request for legal advice, legal advice and information provided to C. Krupka for the provision of legal advice regarding bid structures. | Attorney-Client Communications |
| 9d | May 11, 2011 | | Email | Paul Tramonte | Armand Nakkab | | | Email between corporate employees with subject matter responsibility discussing request for legal advice, legal advice and information provided to C. Krupka for the provision of legal advice regarding bid structures. | Attorney-Client Communications |
| 9e | May 11, 2011 | | Email | Armand Nakkab | Paul Tramonte | | | Email between corporate employees with subject matter responsibility discussing request for legal advice, legal advice and information provided to C. Krupka for the provision of legal advice regarding bid structures. | Attorney-Client Communications |

* Indicates Counsel for JP Morgan and Outside Counsel

5/9/2012

NON-PUBLIC - PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9, 1b.20
DO NOT RELEASE

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 10 | March 11, 2011 - March 14, 2011 | JPM-172588 - JPM172593 | Email Chain | Francis Dunleavy | Blythe Masters | | Paul Posoli; Armand Nakkab; Diane Genova*; Rob Cauthen; Paul Tramonte; Stephen Greehalf; Paul Posoli; Catherine Krupka* | Email chain between Business, Compliance, Counsel and Outside Counsel relaying and discussing legal advice of Outside Counsel and requesting and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternate bid structures. | Attorney-Client Communications |
| 10a | March 14, 2011 | | Email | Francis Dunleavy | Blythe Masters | | | UNREDACTED | |
| 10b | March 14, 2011 | | Email | Blythe Masters | Francis Dunleavy | | | UNREDACTED | |
| 10c | March 14, 2011 | | Email | Francis Dunleavy | Blythe Masters | | | UNREDACTED | |
| 10d | March 14, 2011 | | Email | Blythe Masters | Francis Dunleavy | | | UNREDACTED | |
| 10e | March 14, 2011 | | Email | Francis Dunleavy | Blythe Masters | | | Email between corporate employees with subject matter responsibility relaying and discussing legal advice of Outside Counsel regarding alternate bid structures. [See 10a] | Attorney-Client Communications |
| 10f | March 14, 2011 | | Email | Blythe Masters | Francis Dunleavy | | | Email between corporate employees with subject matter responsibility relaying and discussing legal advice of Outside Counsel regarding alternate bid structures. [See 10b] | Attorney-Client Communications |
| 10g | March 14, 2011 | | Email | Francis Dunleavy | Blythe Masters | | | Email between corporate employees with subject matter responsibility relaying and discussing legal advice of Outside Counsel regarding alternate bid structures. [See 10d] | Attorney-Client Communications |
| 11 | May 16, 2011 - May 18, 2011 | JPM-173315 - JPM-173316 | Email Chain | Armand Nakkab | Paul Posoli; Francis Dunleavy; Blythe Masters | Diane Genova*; Anne de Marothy; Marisa Prichard; Patricia Basci | | Email chain between Business, Compliance and Counsel discussing and requesting legal advice and providing information to Counsel for the provision of legal advice regarding meeting with FERC. | Attorney-Client Communications |

* Indicates Counsel for JP Morgan and Outside Counsel

NON-PUBLIC – PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9 1b.20
DO NOT RELEASE

5/9/2012

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 11a | May 18, 2011 | | Email | Armand Nakkab | Paul Posoli; Francis Dunleavy; Blythe Masters | Diane Genova*; Anne de Marothy, Marisa Pritchard; Patricia Basci | | Email between corporate employees with subject matter responsibility (and their assistants for scheduling purposes) and Counsel discussing legal advice and providing information to Counsel for the provision of legal advice regarding meeting with FERC. | Attorney-Client Communications |
| 11b | May 18, 2011 | | Email | Paul Posoli | Armand Nakkab; Francis Dunleavy; Blythe Masters | Diane Genova*; Anne de Marothy, Marisa Pritchard; Patricia Basci | | Email between corporate employees with subject matter responsibility (and their assistants for scheduling purposes) and Counsel discussing legal advice and providing information to Counsel for the provision of legal advice regarding meeting with FERC. | Attorney-Client Communications |
| 11c | May 17, 2011 | | Email | Armand Nakkab | Paul Posoli; Francis Dunleavy; Blythe Masters | Diane Genova*; Anne de Marothy, Marisa Pritchard; Patricia Basci | | UNREDACTED | |
| 11d | May 17, 2011 | | Email | Francis Dunleavy | Paul Posoli; Armand Nakkab; Blythe Masters | Diane Genova*; Anne de Marothy, Marisa Pritchard; Patricia Basci | | UNREDACTED | |
| 11e | May 16, 2011 | | Email | Armand Nakkab | Paul Posoli; Francis Dunleavy; Blythe Masters | Diane Genova*; Anne de Marothy, Marisa Pritchard; Patricia Basci | | UNREDACTED | |
| 11f | May 16, 2011 | | Email | Blythe Masters | Armand Nakkab; Francis Dunleavy; Paul Posoli | Diane Genova*; Anne de Marothy, Marisa Pritchard; Patricia Basci | | UNREDACTED | |
| 11g | May 16, 2011 | | Email | Paul Posoli | Armand Nakkab; Francis Dunleavy; Blythe Masters | Diane Genova*; Anne de Marothy, Marisa Pritchard; Patricia Basci | | UNREDACTED | |
| 11h | May 16, 2011 | | Email | Armand Nakkab | Paul Posoli; Francis Dunleavy; Blythe Masters | Diane Genova*; Anne de Marothy, Marisa Pritchard; Patricia Basci | | UNREDACTED | |
| 12 | May 19, 2011 | JPM-172647 - JPM-172648 | Email Chain | Paul Posoli | Francis Dunleavy | | Blythe Masters; Armand Nakkab; Diane Genova*; Gregory Johnson* | Email chain between Business, Compliance and Counsel discussing legal advice and providing information to Outside Counsel for the provision of legal advice regarding meeting with FERC. | Attorney-Client Communications |
| 12a | May 19, 2011 | | Email | Paul Posoli | Francis Dunleavy | | | Email between corporate employees with subject matter responsibility discussing legal advice regarding meeting with FERC. | Attorney-Client Communications |

* Indicates Counsel for JP Morgan and Outside Counsel

NON-PUBLIC – PROTECTED MATERIAL SUBJECT TO 18 C.F.R. 1b.9 1b.20
DO NOT RELEASE

5/9/2012

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 12b | May 19, 2011 | | Email | Francis Dunleavy | Blythe Masters; Armand Nakkab; Paul Posoli; | Diane Genova*; Gregory Johnson* | | Email between corporate employees with subject matter responsibility and Counsel discussing legal advice regarding meeting with FERC. | Attorney-Client Communications |
| 12c | May 19, 2011 | | Email | Blythe Masters | Francis Dunleavy; Armand Nakkab; Paul Posoli; | Diane Genova*; Gregory Johnson* | | Email between corporate employees with subject matter responsibility and Counsel discussing legal advice regarding meeting with FERC. | Attorney-Client Communications |
| 12d | May 19, 2011 | | Email | Armand Nakkab | Blythe Masters; Francis Dunleavy; Paul Posoli; | Diane Genova*; Gregory Johnson* | | Email between Business, Compliance and Counsel discussing and relaying legal advice from Outside Counsel and providing information to Outside Counsel for the provision of legal advice regarding meeting with FERC. | Attorney-Client Communications |
| 13 | June 23, 2011 | JPM-173472 | Email | Blythe Masters | Stephen Greenleaf; Francis Dunleavy; Paul Posoli; Rob Cauthen; Andrew Sunderman | Diane Genova*; Gregory Johnson*; Paul Tramonte; Chloe Cromarty; Armand Nakkab | | Email between Business, Compliance and Counsel discussing legal advice from Outside Counsel regarding alternative bid structures. [Attorney reference unredacted] | Attorney-Client Communications |
| 14 | July 5, 2011 - July 6, 2011 | JPM-173207-JPM-173208 | Email Chain | Blythe Masters | Andrew Sunderman; Armand Nakkab | Diane Genova*; Francis Dunleavy; Paul Posoli | | Email chain between Business, Compliance and Counsel relaying and discussing legal advice from Outside Counsel regarding discovery requests. | Attorney-Client Communications |
| 14a | July 6, 2011 | | Email | Blythe Masters | Andrew Sunderman; Armand Nakkab | Diane Genova*; Francis Dunleavy; Paul Posoli | | Email between corporate employees with subject matter responsibility and Counsel relaying and discussing legal advice from Outside Counsel regarding discovery requests. | Attorney-Client Communications |
| 14b | July 6, 2011 | | Email | Andrew Sunderman | Blythe Masters; Armand Nakkab; Paul Posoli; | Diane Genova* | | Email between corporate employees with subject matter responsibility and Counsel relaying and discussing legal advice from Outside Counsel regarding discovery requests. [Attorney reference unredacted] | Attorney-Client Communications |
| 14c | July 6, 2011 | | Email | Andrew Sunderman | Blythe Masters; Armand Nakkab; Paul Posoli; | Diane Genova* | | Email between corporate employees with subject matter responsibility and Counsel discussing legal advice from Outside Counsel regarding discovery requests. | Attorney-Client Communications |
| 14d | July 5, 2011 | | Email | Blythe Masters | Andrew Sunderman; Armand Nakkab | Diane Genova* | | Email between corporate employees with subject matter responsibility and Counsel discussing legal advice from Outside Counsel regarding discovery requests. [Attorney reference unredacted] | Attorney-Client Communications |
| 15 | July 15, 2011 | JPM-189162 | Email Chain | Francis Dunleavy | Jeff Winkler | Diane Genova* | Armand Nakkab; Blythe Masters; Paul Posoli; Paul Tramonte; Rob Cauthen; Catherine Knouka*; Kenneth Raisler*; Diane Genova*; Gregory Johnson* | Email chain between Business, Compliance, Counsel and Outside Counsel requesting legal advice and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternative bidding structures. | Attorney-Client Communications |

\* Indicates Counsel for JP Morgan and Outside Counsel

5/4/2012

| Item No. | Document Date | Bates No. | Document Type | Top Email Author(s) | Top Email Addressee(s) | Top Email Copyee(s) | Additional Chain Author(s) and Recipient(s) | Subject Matter | Privilege(s) |
|---|---|---|---|---|---|---|---|---|---|
| 15a | July 15, 2011 | | Email | Armand Nakkab | Francis Dunleavy; Blythe Masters; Paul Posoli; Paul Tramonte; Rob Cauthen | Catherine Krupka*; Kenneth Raisler*; Diane Genova*; Gregory Johnson* | | Email between corporate employees with subject matter responsibility, Counsel and Outside Counsel requesting and discussing legal advice and request for legal advice and providing information to Counsel and Outside Counsel for the provision of legal advice regarding alternative bidding structures. | Attorney-Client Communications |
| 15b | July 15, 2011 | | Email | Francis Dunleavy | Armand Nakkab; Blythe Masters; Paul Posoli; Paul Tramonte; Rob Cauthen | | | Email between corporate employees with subject matter responsibility discussing legal advice and request for legal advice and providing information to be provided to Counsel and Outside Counsel for the provision of legal advice regarding alternative bidding structures. [Attorney reference unredacted] | Attorney-Client Communications |
| 16 | November 5, 2010 | JPM-202994 - JPM-202996 | Email | Robert O'Connell | Paul Tramonte | | | Email and attachment reflecting advice of Counsel regarding Jackson Facility. | Attorney-Client Communications |

* Indicates Counsel for JP Morgan and Outside Counsel

[Additional attachments/enclosures to the letter above appear in Exhibits 1, 2, 3, 4, and other sections of Exhibit 5.]

## June 4, 2012 6:44 p.m.

| | |
|---|---|
| **From:** | Konieczny, Alexandra |
| **Sent:** | Monday, June 04, 2012 6:44 PM |
| **To:** | Thomas Olson; Vivian Chum |
| **Cc:** | Krupka, Catherine; Scherman, William S; Fleischer, Jason J |
| **Subject:** | JP Morgan Supplemental Production |
| **Attachments:** | JP Morgan June 4, 2012 Supplemental Production.pdf |

Dear Tom:

Please find attached four replacement documents (in a single PDF) that reflect the redaction removals we intended for them.  We will burn these to our production CD this week, but did not want to wait to send them to you.

Thank you,

Alex

**Alexandra D Konieczny** | *Associate*

SUTHERLAND

**Sutherland Asbill & Brennan LLP**
1275 Pennsylvania Avenue NW | Washington, DC 20004
202.383.0854 direct | 202.637.3593 facsimile
alexandra.konieczny@sutherland.com | www.sutherland.com
Biography | Download vCard

**[Contents of JP Morgan's attachment to the email above are the unredacted JP Morgan emails in Exhibit 3 and some of the redacted emails in Exhibit 4.]**

## June 4, 2012 7:09 p.m.

| | |
|---|---|
| **From:** | Thomas Olson |
| **Sent:** | Monday, June 04, 2012 7:09 PM |
| **To:** | Konieczny, Alexandra; Vivian Chum |
| **Cc:** | Krupka, Catherine; Scherman, William S; Fleischer, Jason J |
| **Subject:** | RE: JP Morgan Supplemental Production |

Thanks, Alex.  And welcome back.

Can you explain what you mean by "the redaction removals we intended for them"?

Best,

Tom

**From:** Konieczny, Alexandra [mailto:Alexandra.Konieczny@sutherland.com]
**Sent:** Monday, June 04, 2012 6:44 PM
**To:** Thomas Olson; Vivian Chum
**Cc:** Krupka, Catherine; Scherman, William S; Fleischer, Jason J
**Subject:** JP Morgan Supplemental Production

Dear Tom:

**June 8, 2012 11:57 a.m.**

| | |
|---|---|
| **From:** | Konieczny, Alexandra |
| **Sent:** | Friday, June 08, 2012 11:57 AM |
| **To:** | Thomas Olson; Vivian Chum |
| **Cc:** | Krupka, Catherine; Scherman, William S; Fleischer, Jason J |
| **Subject:** | RE: JP Morgan Supplemental Production |

Tom,

As you know we unredacted a few documents in response to the May 3 Subpoena in accordance with your agreement regarding waiver.  These should have been unredacted at that time.

 Thanks,

    Alex


**Alexandra D Konieczny** | *Associate* | 202.383.0854