# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FEDERAL ENERGY REGULATORY
COMMISSION,

       Petitioner,

   v.

J.P. MORGAN VENTURES ENERGY
CORPORATION,

       Respondent.

Miscellaneous No. 12-352
DAR

## MEMORANDUM ORDER

Petitioner in this subpoena enforcement action challenges Respondent's claim of

attorney-client privilege with respect to 25 e-mails produced by Respondent in redacted form.

*See* Petition by Federal Energy Regulatory Commission for an Order to Show Cause Why This

Court Should Not Enforce Subpoenas for Production of Documents (Document No. 1).  The

court (Kollar-Kotelley, J.) ordered Respondent to show cause by a date certain why it should not

be required to produce the e-mails in unredacted form, or to submit them for *in camera* review.

Order to Show Cause (Document No. 2) at 1-2.  Thereafter, this action was referred for all

purposes, with the consent of the parties, to the undersigned United States Magistrate Judge.

Referral to Magistrate Judge (Document No. 6); *see also* Order Referring Case to Magistrate

Judge for All Purposes (Document No. 5).

Respondent filed an opposition to the petition, and, in addition, submitted the e-mails

which are the subject of the petition to the chambers of the undersigned for *in camera* review.

*See* Memorandum in Opposition to Petition of the Federal Energy Regulatory Commission

Seeking an Order Compelling the Production of Privileged Documents by J.P. Morgan Ventures

Energy Corporation ("Opposition") (Document No. 11).  Petitioner timely filed a reply.  *See*

Reply of Federal Energy Regulatory Commission in Support of Petition for Order to Show

Cause ("Reply") (Document No. 14).

On August 30, 2012, counsel for the parties appeared before the undersigned for a status

conference and oral argument with respect to the scope of the privilege claimed by Respondent.

Transcript of Proceedings (Document No. 18); 08/30/2012 Minute Entry; *see also* Joint Status

Report Concerning Meet-and-Confer Process (Document No. 17).

The undersigned now has completed the *in camera* review of the redacted portions of the

25 e-mails at issue in this action.  Upon consideration of the *in camera* submission in the context

of the applicable authorities and the arguments of counsel, the undersigned finds that Respondent

has demonstrated that the redactions are indeed shielded by the attorney-client privilege.

Accordingly, Petitioner's request to compel production of the documents will be denied.


**APPLICABLE STANDARDS**

In the most recent articulation of the standards governing enforcement of an

administrative subpoena, another judge of this court observed that

> [a] court's role in a proceeding to enforce an administrative subpoena
> is a strictly limited one.  An administrative subpoena must be
> enforced if the information sought is within the authority of the
> agency, the demand is not too indefinite and the information sought
> is reasonably relevant.

*United States v. ISS Marine Servs., Inc.*, No. 12-481, 2012 WL 5873682, at *3 (D.D.C. Nov. 21,

2012) (citations and internal quotations omitted); *see also FTC v. Boehringer Ingelheim, Pharm., Inc.*, No. 09-564, 2012 WL 4888473, at *2 (D.D.C. Oct. 16, 2012) (citing *Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corp.*, 5 F.3d 1508, 1517 (D.C. Cir. 1993) for the proposition that "[t]he burden of proving undue hardship 'is not easily met where . . . the agency inquiry is pursuant to a lawful purpose and the requested documents are relevant to that purpose.'").

In this Circuit, "a subpoena issued pursuant to federal law is governed by the federal law of privilege." *ISS Marine Servs.*, 2012 WL 5873682, at *3 (citation omitted).  The privilege at issue in the instant action – the attorney-client privilege – "'is the oldest of the privileges for confidential communications known to the common law.'"  *Id.* at *4 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).  It is settled that the attorney-client privilege "'protects the confidential communications made between clients and their attorneys when the communications are for the purpose of securing legal advice.'" *Id.* (quoting *In re Lindsey*, 158 F.3d 1263, 1267 (D.C. Cir. 1998).  "To be privileged, a communication must be 'for the purpose of securing *primarily* either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding.'" *Id.* at *5 (citation omitted).  Put another way, the party invoking the privilege must establish that

> (1) the holder of the privilege is, or sought to be, a client; (2) the person to whom the communication is made is a member of the bar or his subordinate and, in connection with the communication at issue, is acting in his or her capacity as a lawyer; (3) the communication relates to a fact of which the attorney was informed by his client, outside the presence of strangers, for the purpose of securing legal advice; and (4) the privilege has been claimed by the client.

*Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 841 F. Supp. 2d 142, 153-154 (D.D.C.

2012) (citing *In re Sealed Case*, 737 F.2d 94, 98-99 (D.C. Cir. 1984)).  In addition, a

"fundamental prerequisite to the assertion of the privilege" is "confidentiality both at the time of

the communication and maintained since."  *Id.* (citation and internal quotations omitted); *cf.*

*Amobi v. Dist. of Columbia Dep't of Corr.*, 262 F.R.D. 45, 51 (D.D.C. 2009) (citation omitted)

(noting that in the construction of the privilege adopted by the District of Columbia Circuit,

"[t]he communication from an attorney is only protected if it is based on confidential

information provided by the client[]"; "[t]hus, 'when an attorney conveys to his client facts

aquired from other persons or sources, those facts are not privileged.'").

"'[C]omplications in the application of the privilege arise when the client is a

corporation'"; however,

> the Supreme Court has held that, in the corporate context, the
> privilege applies as long as "[t]he communications at issue were
> made by [company] employees to counsel for [the company] acting
> as such, at the direction of corporate superiors in order to secure legal
> advice from counsel."

*ISS Marine Servs.*, 2012 WL 5873682, at *4 (quoting *Upjohn Co. v. United States*, 449 U.S. 383,

389, 394 (1981)).  Moreover,

> [t]he Supreme Court has also clearly recognized that "the privilege
> exists to protect not only the giving of professional advice to those
> who can act on it but also the giving of information to the lawyer to
> enable him to give sound and informed advice."

*Id.* (quoting *Upjohn*, 449 U.S. at 390).

Privileges, including the attorney-client privilege, which operate to preclude force

disclosures, "are not lightly created nor expansively construed, for they are in derogation of the

search for truth."  *United States v. Nixon*, 418 U.S. 683, 710 (1974).  Thus, "'[i]t is well

established that the proponent of a privilege bears the burden of demonstrating facts sufficient to

establish the privilege's applicability.'"  *ISS Marine Servs.*, 2012 WL 5873682, at *4 (citations

omitted); *see also In re Slack*, 768 F. Supp. 2d 189, 193 (D.D.C. 2011) ("A person who

withholds otherwise discoverable material . . . based upon a claim of privilege bears the burden

of demonstrating that the privilege applies and that withholding is excused.").

**DISCUSSION**

        The prerequisites to the enforcement of an administrative subpoena, *see, e.g.*, *ISS Marine

Servs.*, 2012 WL 5873682, at *3 (citations and internal quotations omitted) ("An administrative

subpoena must be enforced if the information sought is within the authority of the agency, the

demand is not too indefinite and the information sought is reasonably relevant."), are not at

issue, and accordingly, require no findings by the court.  Rather, the sole issue presented is the

one arising from Respondent's claim of attorney-client privilege with respect to 25 redactions

from the "nearly 500,000 pages" pages of documents produced.  *See* Opposition at 3.  Having

completed the *in camera* review in the context of the applicable authorities, the undersigned

finds that Respondent has demonstrated, in accordance with the law of this Circuit, *e.g.*, *Judicial

Watch*, 841 F. Supp. 2d at 153-54, that the information redacted indeed is shielded from

disclosure by the attorney-client privilege.  More specifically, the court finds that the redactions

are of communications between Respondent and its counsel, acting as counsel, with respect to

legal advice relating to facts communicated confidentially to counsel by Respondent.  *See id.*

        Petitioner, in support of its contention that Respondent's invocation of attorney-client

privilege is overbroad, principally maintains that because Respondent claimed the privilege with

respect to some documents which it later produced, the court should view the claim of privilege

as to the redacted portions still being withheld with suspicion.  Reply at 1-3.  Petitioner relies

upon *In re Application of Veiga*, 746 F. Supp. 2d 27 (D.D.C. 2010), in support of this

proposition.  *Id.* at 1 n.1.  However, the undersigned finds that *Veiga* cannot be broadly read for

the proposition that the voluntary production of documents warrants the conclusion that the

proffered explanation for the continued withholding of other documents should be viewed with

suspicion.  Rather, the court in *Veiga* found, with respect to withheld documents reviewed *in*

*camera*, that the proffered explanation for the withholding could not be credited.  Moreover,

unlike the circumstances considered by the court in *Veiga*, the redactions are consistent with the

proffered explanation.  *See* Opposition at 13-21.  Indeed, application of this proposition would

effectively penalize counsel for voluntarily revisiting the basis for withholding documents

sought pursuant to administrative subpoena.  *Cf.* LCvR 7(m).


**CONCLUSION**

For all of the foregoing reasons, it is, this 29th day of November, 2012,

**ORDERED** that the Petition by Federal Energy Regulatory Commission for an Order to

Show Cause Why This Court Should Not Enforce Subpoenas for Production of Documents

(Document No. 1) is **DENIED**.


_____
                    /s/
DEBORAH. A. ROBINSON
United States Magistrate Judge